Lynn A. Dummett
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

*Attorneys For Garnishee AT&T Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GARY ANDERSON, as the Personal
Representative of the Estate of Howard : Case No. 07 Civ. 7974 (VM)
Anderson,

              Plaintiff,

    vs.

AT&T CORP., CUBAN AMERICAN
TELEPHONE AND TELEGRAPH
COMPANY, and JPMORGAN CHASE BANK,
N.A.,

              Garnishees.
------------------------------------------------------------x

### ANSWER AND DEFENSES OF GARNISHEE AT&T CORP. TO PETITION FOR TURNOVER PROCEEDING

Garnishee AT&T Corp. ("AT&T"), by its attorneys Sidley Austin LLP, hereby responds to the Petition for Turnover Proceeding ("Petition") of Plaintiff Gary Anderson as follows:

1.     AT&T neither admits nor denies the allegations contained in Paragraph 1 of the Petition inasmuch as those allegations state conclusions of law to which no response is required and respectfully refers all conclusions of law to the Court.

2.     AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Petition.

3. AT&T admits that on or about February 2, 2005 the United States District Court for the Southern District of Florida issued a Final Default Judgment in Case No. 04-21153-CIV and respectfully refers the Court to the Judgment for the content thereof; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Petition.

4. AT&T admits that on or about May 26, 2005 a judgment was registered with the Court in Case No. 18 MS 0302 captioned <u>Dorothy Anderson McCarthy v. The Republic of Cuba</u>, which was subsequently consolidated under Case No. 05 Civ. 7214 (VM); and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Petition.

5. There is no Paragraph 5 of the Petition.

6. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Petition, except admits that on November 17, 2006, the Court entered a Decision and Order in Case No. 05 Civ. 7214 (VM) and respectfully refers the Court to the November 17, 2006 Decision and Order for the content thereof.

7. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 7 of the Petition that plaintiff "previously served JPM Chase with a writ of execution," and denies the remaining allegations contained in Paragraph 7 of the Petition, except admits that on or about December 21, 2006, the United States Marshals Service, on behalf of Dorothy Anderson McCarthy, as Personal Representative of the Estate of Howard Anderson, served a writ of execution dated December 19, 2006 (the "Writ") upon AT&T, that the Court has extended the Writ and respectfully refers the Court to its orders

extending the Writ for the content thereof, and that in a letter dated September 4, 2007 from AT&T to the United States Marshals Service in response to the Writ, AT&T stated, among other things, that AT&T's wholly-owned subsidiary Cuban American Telephone and Telegraph Company ("CATT") has accrued a tax liability to The Republic of Cuba for Cuban income taxes and respectfully refers the Court to the September 4, 2007 letter for the content thereof.

        8.     AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Petition, except admits that on November 17, 2006, the Court entered a Decision and Order in Case No. 05 Civ. 7214 (VM) and respectfully refers the Court to the November 17, 2006 Decision and Order for the content thereof.

        9.     AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Petition.

        10.    There is no Paragraph 10 of the Petition.

        11.    AT&T neither admits nor denies the allegations contained in Paragraph 11 of the Petition inasmuch as those allegations state conclusions of law to which no response is required and respectfully refers all conclusions of law to the Court.

        12.    AT&T neither admits nor denies the allegations contained in Paragraph 12 of the Petition inasmuch as those allegations state conclusions of law to which no response is required and respectfully refers all conclusions of law to the Court.

        13.    AT&T admits that it has been named as a garnishee and that it is a corporation organized and existing under the laws of the State of New York, and that certain property that is purportedly the subject of this action is located within this District; and neither admits nor denies the remaining allegations of Paragraph 13 of the Petition inasmuch as those

allegations state conclusions of law to which no response is required and respectfully refers all conclusions of law to the Court.

14. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Petition.

15. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 15 of the Petition; and neither admits nor denies the remaining allegations of Paragraph 15 inasmuch as those allegations state conclusions of law to which no response is required and respectfully refers all conclusions of law to the Court.

16. AT&T denies the allegations contained in the first sentence of Paragraph 16 of the Petition, except admits that AT&T is a corporation organized and existing under the laws of the State of New York with a principal place of business in Bedminster, New Jersey; and neither admits nor denies the remaining allegations of Paragraph 16 inasmuch as those allegations state conclusions of law to which no response is required and respectfully refers all conclusions of law to the Court.

17. AT&T admits the allegations contained in the first sentence of Paragraph 17 of the Petition; denies the allegations contained in the second sentence of Paragraph 17, except admits that the United States Marshals Service, on behalf of Dorothy Anderson McCarthy, as Personal Representative of the Estate of Howard Anderson, served the Writ upon AT&T, and that in a letter dated September 4, 2007 from AT&T to the United States Marshals Service in response to the Writ, AT&T stated, among other things, that CATT has accrued a tax liability to The Republic of Cuba for Cuban income taxes and respectfully refers the Court to the September 4, 2007 letter for the content thereof; and neither admits nor denies the remaining allegations of

Paragraph 17 inasmuch as those allegations state conclusions of law to which no response is required and respectfully refers all conclusions of law to the Court.

18. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Petition.

19. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 19 of the Petition, except admits that AT&T deposited funds into certain accounts at JPMorgan Chase Bank, N.A. that are blocked pursuant to federal regulations; and neither admits nor denies the remaining allegations of Paragraph 19 inasmuch as those allegations state conclusions of law to which no response is required and respectfully refers all conclusions of law to the Court.

20. AT&T denies the allegations contained in Paragraph 20 of the Petition, except admits that in a letter dated September 4, 2007 from AT&T to the United States Marshals Service in response to the Writ, AT&T stated, among other things, that CATT has accrued a tax liability to The Republic of Cuba for Cuban income taxes and respectfully refers the Court to the September 4, 2007 letter for the content thereof.

21. AT&T denies the allegations contained in Paragraph 21 of the Petition, except admits that in a letter dated September 4, 2007 from AT&T to the United States Marshals Service in response to the Writ, AT&T stated, among other things, that CATT has accrued a tax liability to The Republic of Cuba for Cuban income taxes and respectfully refers the Court to the September 4, 2007 letter for the content thereof, and that federal regulations prohibit the payment of the accrued tax liability.

22. AT&T denies the allegations contained in Paragraph 22 of the Petition, except admits that in a letter dated September 4, 2007 from AT&T to the United States Marshals

Service in response to the Writ, AT&T stated, among other things, that CATT has accrued a tax liability to The Republic of Cuba for Cuban income taxes that have accrued on the accumulated gross interest income attributable to certain funds contained in a blocked account at JPMorgan Chase Bank, N.A., New York, New York denominated the "AT&T Long Lines Account," Account Number G00875, which were deposited by AT&T and are due and owing from AT&T solely to CATT, and respectfully refers the Court to the September 4, 2007 letter for the content thereof.

23. AT&T denies the allegations contained in Paragraph 23 of the Petition, except admits that in a letter dated September 4, 2007 from AT&T to the United States Marshals Service in response to the Writ, AT&T stated, among other things, that CATT has accrued a tax liability to The Republic of Cuba for Cuban income taxes that have accrued on the accumulated gross interest income attributable to certain funds contained in a blocked account at JPMorgan Chase Bank, N.A., New York, New York denominated the "Florida Land Sale Account," Account Number G00882, which were deposited by AT&T and are due and owing from AT&T solely to CATT, and respectfully refers the Court to the September 4, 2007 letter for the content thereof.

24. AT&T denies the allegations contained in Paragraph 24 of the Petition, except admits that the AT&T Long Lines Account and the Florida Land Sale Account contain both funds deposited by AT&T which are due and owing from AT&T solely to CATT, and funds due and owing from CATT to The Republic of Cuba for accrued Cuban income taxes.

25. AT&T admits the allegations contained in Paragraph 25 of the Petition.

26. AT&T admits the allegations contained in Paragraph 26 of the Petition.

27. AT&T admits the allegations contained in Paragraph 27 of the Petition.

28. AT&T denies the allegations contained in Paragraph 28 of the Petition, except admits that AT&T, at the direction of the Office of Foreign Assets Control, United States Department of Treasury ("OFAC"), has provided information to OFAC concerning the AT&T Long Lines and Florida Land Sale Accounts.

29. AT&T neither admits nor denies the allegations contained in Paragraph 29 of the Petition inasmuch as those allegations state conclusions of law to which no response is required and respectfully refers all conclusions of law to the Court.

30. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Petition, except denies that any debt and/or tax liability incurred by AT&T and/or CATT, as garnishees, to The Republic of Cuba and/or its agencies and instrumentalities after the transfer or payment of any amount subject to the Writ is subject to the levy.

31. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 31 of the Petition; admits that the AT&T Long Lines and Florida Land Sale Accounts are blocked pursuant to federal regulations and that transactions involving the AT&T Long Lines and Florida Land Sale Accounts have been prohibited pursuant to the Cuban Assets Control Regulations unless authorized by OFAC; and neither admits nor denies the remaining allegations of Paragraph 31 inasmuch as those allegations state conclusions of law to which no response is required and respectfully refers all conclusions of law to the Court.

32. AT&T neither admits nor denies the allegations contained in Paragraph 32 of the Petition inasmuch as those allegations state conclusions of law to which no response is required and respectfully refers all conclusions of law to the Court.

## FIRST DEFENSE

Plaintiff has failed to join necessary and indispensable parties to this proceeding, including the United States Department of Treasury and the plaintiffs in the following matters who also have served orders of attachment and/or garnishment upon AT&T which are extant and seek turn over of property of defendant The Republic of Cuba or any of its agencies or instrumentalities:

(a) *Ana Margarita Martinez v. The Republic of Cuba*, Case No. 07 Civ. 6607 (VM) (United States District Court, Southern District of New York); and

(b) *Jeannette Hausler v. The Republic of Cuba*, Case No. 07-22375-CIV-Hoeveler/Brown (United States District Court, Southern District of Florida).

## SECOND DEFENSE

All transactions involving the blocked accounts and/or assets which may be at issue in this proceeding are prohibited unless authorized under applicable federal law, the Cuban Assets Control Regulations, and/or by the Office of Foreign Assets Control, United States Department of Treasury.

## THIRD DEFENSE

Certain funds held in the blocked AT&T Long Lines and Land Sale Accounts at JPMorgan Chase Bank, N.A., including any accrued interest, are the sole property of AT&T and/or its wholly-owned subsidiary CATT.

## FOURTH DEFENSE

AT&T asserts any and all rights it has under federal, state and international law, including without limitation the applicable law of set-off, in respect of all amounts (a) in the blocked AT&T Long Lines and Land Sale Accounts at JPMorgan Chase Bank, N.A. in which AT&T and/or CATT claim an interest, and/or (b) owed to AT&T and/or CATT by any party

which may claim an interest in the funds contained in the blocked AT&T Long Lines and Land Sale Accounts at JPMorgan Chase Bank, N.A.

## FIFTH DEFENSE

Any underlying judgment at issue in this proceeding, and any permissible attachment in aid of execution and/or execution in relation thereto, must comply with the provisions of the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611 ("FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2337 (codified at 28 U.S.C. § 1610 note) ("TRIA") to the extent applicable.

## SIXTH DEFENSE

The FSIA prohibits using the assets of one agency or instrumentality of a sovereign to satisfy a judgment rendered against another, unrelated agency or instrumentality.

## SEVENTH DEFENSE

TRIA only permits execution upon blocked assets in aid of execution in order to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable."

## EIGHTH DEFENSE

Pursuant to § 5232 of the New York Civil Practice Law and Rules, made applicable to this proceeding pursuant to Rule 69(a), Fed. R. Civ. P., any debt incurred by AT&T and/or CATT, as garnishees, to The Republic of Cuba after the transfer or payment of any amount subject to the Writ is not subject to the levy, and the levy shall be void except as to debts which have been transferred or paid, or as to which a proceeding under CPLR §§ 5225 or 5227 has been brought.

## NINTH DEFENSE

AT&T hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this matter and hereby reserves the right to amend this Answer to assert any such defense.

Dated: New York, New York
         October 2, 2007

        Respectfully submitted,

        SIDLEY AUSTIN LLP

        By: _____
          Lynn A. Dummett
          787 Seventh Avenue
          New York, New York 10019
          (212) 839-5300

        Attorneys for Garnishee AT&T Corp.

Of Counsel:

Suzanne L. Montgomery, Esq.
AT&T Corp. – Senior Litigation Attorney
One AT&T Way
Bedminster, New Jersey 07921

NY1 6347468v.1

STATE OF NEW YORK )
) s.s.:
COUNTY OF NEW YORK )

## AFFIDAVIT OF SERVICE

I, George L. Conover, being over the age of eighteen (18) years, and not a party to this action, and being first duly sworn, state on oath that on October 2, 2007, I served the answer herein by mail in the State of New York upon:

Joseph A. DeMaria, Esq.
Bryan T. West, Esq.
Tew Cardenas LLP
1441 Brickell Avenue, 15th Floor
Miami, Florida 33131
*Attorneys for Plaintiff*

James L. Kerr, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

The Republic of Cuba
Felipe Perez Roque
Minister of Foreign Relations         (Via Certified Mail and DHL)
Calzada No. 360, Esquina AG
Vedado, Havana, CUBA

_____
George L. Conover

Subscribed and sworn to me this
2nd day of October, 2007

_____
Notary Public

RICARDO MURRAY
Notary Public, State of New York
No. 01MU4995024
Qualified in Kings County
Certificate Filed in New York County
Commission Expires April 13, 20__