UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x

GARY ANDERSON, as the Personal Representative :
of the Estate of Howard
Anderson,

                Plaintiff,

          - against -

AT&T CORP., CUBAN AMERICAN TELEPHONE :
AND TELEGRAPH COMPANY, and JPMORGAN
CHASE BANK, N.A.,

                Garnishees.

------------------------------------------------ x

JPMORGAN CHASE BANK, N.A.,            07 Civ. 7974 (VM)

             Garnishee-Respondent and
             Third-Party Petitioner,

         - against -

GARY ANDERSON, as the Personal Representative
of the Estate of Howard
Anderson,

              Plaintiff-Petitioner and
             Adverse Claimant-
             Respondent,

         - and -

AT&T CORP., and CUBAN AMERICAN
TELEPHONE AND TELEGRAPH COMPANY,

             Garnishee-Respondents and
             Adverse Claimant-
             Respondents,

         - and -

| | |
|---|---|
| ANA MARGARITA MARTINEZ, | : |
|       Adverse Claimant-Respondent, | : |
| - and - | : |
| THE REPUBLIC OF CUBA, | : |
|       Adverse Claimant Respondent. | : |
| ------------------------------------x | |
| CUBAN AMERICAN TELEPHONE AND TELEGRAPH COMPANY, | : |
|       Garnishee-Respondent, Adverse Claimant-Respondent and Third-Party Petitioner, | : |
| - against -- | : |
| JEANNETTE HAUSLER as Successor Personal Representative of the Estate of ROBERT OTIS FULLER ("BOBBY FULLER"), Deceased, THOMAS CASKEY, as Personal Representative of the Estate of LYNITA FULLER CASKEY, deceased daughter of ROBERT OTIS FULLER, FREDERICK FULLER, FRANCES FULLER, GRACE LUTES, JEANNETTE HAUSLER AND IRENE MOSS, | : |
|       Adverse Claimants Respondents and Third Party Respondents. | : |
| ------------------------------------x | |

**ANSWER, DEFENSES AND COUNTERCLAIM, CROSS-CLAIMS AND THIRD-PARTY CLAIM FOR DECLARATORY RELIEF OF CUBAN AMERICAN TELEPHONE AND TELEGRAPH COMPANY IN RESPONSE TO AMENDED THIRD-PARTY PETITION IN INTERPLEADER OF <u>JPMORGAN CHASE BANK, N.A.</u>**

2

Garnishee and Adverse Claimant-Respondent Cuban American Telephone and Telegraph Company ("CATT"), by its attorneys Sidley Austin LLP, hereby responds to the Amended Third-Party Petition in Interpleader ("Petition") of Garnishee-Respondent and Third-Party Petitioner JPMorgan Chase Bank, N.A. ("JPMorgan") as follows:

1. As to paragraph 33 of the Petition, CATT admits that JPMorgan styles its pleading as a Third-Party Petition pursuant to Fed. R. Civ. P. 15 and 22, CPLR §§ 5239 and 6221 and Section 134 of the New York Banking Law, admits that the AT&T/CATT Accounts are blocked pursuant to the Cuban Assets Control Regulations, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33 of the Petition.

2. As to paragraph 34 of the Petition, CATT admits upon information and belief that Anderson is the successor to Dorothy Anderson McCarthy, and admits the remaining allegations contained in paragraph 34(a); lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 34(b) that the Martinez Order of Attachment was served on JPMorgan Chase on September 19, 2007, and admits upon information and belief the remaining allegations contained in paragraph 34(b); lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 34(c) that AT&T has "administered" any Accounts, and admits the remaining allegations contained in paragraph 34(c); admits the allegations contained in paragraph 34(d); and denies the allegations contained in paragraph 34(e) of the Petition.

3. As to paragraph 35 of the Petition, CATT admits upon information and belief that the Anderson Petition for Turnover and the Martinez Order of Attachment purport to represent adverse claims against the deposits in the AT&T/CATT Accounts, and otherwise

alleges that the remaining allegations contained in paragraph 35 of the Petition constitute assertions of law as to which no responsive pleading is required.

4. CATT alleges that the allegations contained in paragraph 36 of the Petition constitute assertions of law as to which no responsive pleading is required.

5. CATT alleges that the allegations contained in paragraph 37 of the Petition constitute assertions of law as to which no responsive pleading is required.

6. As to paragraph 38 of the Petition, CATT admits that JPMorgan styles its pleading as a Third-Party Petition pursuant to Fed. R. Civ. P. 22, CPLR §§ 5239 and 6221 and Section 134 of the New York Banking Law.

7. As to paragraph 39 of the Petition, CATT admits that the Court has jurisdiction over this proceeding, and otherwise alleges that the remaining allegations contained in paragraph 39 of the Petition constitute assertions of law as to which no responsive pleading is required.

8. CATT admits the allegations contained in paragraph 40 of the Petition.

9. CATT admits upon information and belief the allegations contained in paragraph 41 of the Petition.

10. As to paragraph 42 of the Petition, CATT lacks knowledge or information sufficient to form a belief as to the truth of the allegation that McCarthy undertook discovery with respect to accounts held by JPMorgan blocked pursuant to the Cuban Assets Control Regulations, and admits upon information and belief the remaining allegations contained in paragraph 42 of the Petition.

11. CATT lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Petition.

12.  As to paragraph 44 of the Petition, CATT admits that AT&T, on its own behalf and on behalf of CATT, claims an interest in certain blocked accounts held by JPMorgan, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44 of the Petition.

13.  As to paragraph 45 of the Petition, CATT admits that JPMorgan filed a third-party petition commencing a proceeding in the nature of interpleader following removal of the Weininger proceeding to this Court, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45 of the Petition.

14.  As to paragraph 46 of the Petition, CATT admits, upon information and belief, that the Weininger judgment was satisfied, but the McCarthy judgment remains unsatisfied, and admits the remaining allegations contained in paragraph 46 of the Petition.

15.  CATT lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Petition.

16.  CATT admits the allegations contained in the second sentence of paragraph 48 of the Petition, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48 of the Petition.

17.  As to paragraph 49 of the Petition, CATT admits upon information and belief that Martinez is a resident of Florida who obtained a default judgment against The Republic of Cuba, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49 of the Petition.

18.  CATT admits upon information and belief the truth of the allegations contained in paragraph 50 of the Petition.

19.  CATT lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 51 of the Petition.

20. CATT admits upon information and belief the truth of the allegations contained in paragraph 52 of the Petition.

21. CATT admits the allegations contained in paragraph 53 of the Petition.

22. CATT denies the allegations contained in paragraph 54 of the Petition, except admits that AT&T deposited funds into Account No. G00875 denominated the "AT&T Long Lines Account;" that such Account now only contains funds that represent amounts owed by CATT to The Republic of Cuba for taxes, and telecommunications settlement payments owed by AT&T solely to CATT; and that this account is blocked pursuant to the Cuban Assets Control Regulations.

23. CATT denies the allegations contained in paragraph 55 of the Petition, except admits that AT&T deposited funds into Account No. G00875 denominated the "AT&T Long Lines Account;" that such Account now only contains funds that represent amounts owed by CATT to The Republic of Cuba for taxes, and telecommunications settlement payments owed by AT&T solely to CATT; that certain parties, including AT&T and CATT, were named as adverse claimant-respondents in JPMorgan's third-party petition in interpleader in the McCarthy and Weininger turnover proceeding; and that AT&T and CATT asserted a claim in that proceeding to funds in the AT&T Long Lines Account.

24. CATT admits the allegations contained in paragraph 56 of the Petition, and refers to the stipulation for the terms, conditions and effect thereof.

25. CATT admits the allegations contained in paragraph 57 of the Petition.

26. As to paragraph 58 of the Petition, CATT admits that AT&T deposited funds into the AT&T Long Lines Account and the Florida Land Sale Account due and owing

from AT&T solely to CATT; that such accounts are blocked pursuant to federal regulations; that AT&T has knowledge of the nature of the funds deposited by AT&T into the AT&T Long Lines and Florida Land Sale Accounts; that as of November 27, 2006, the balance of the AT&T Long Lines Account was $6,495,547.39, representing funds due from AT&T solely to CATT; and that as of June 30, 2007, the balance of the Florida Land Sale Account was $196,656.75, which balance includes funds due from AT&T solely to CATT and amounts due The Republic of Cuba for Cuban income taxes on the accumulated gross interest income attributable to funds contained in the Florida Land Sale Account.

27. CATT admits the allegations contained in paragraph 59 of the Petition.

28. CATT admits upon information and belief the allegations contained in paragraph 60 of the Petition.

29. CATT admits upon information and belief the allegations contained in paragraph 61 of the Petition.

30. As to paragraph 62 of the Petition, CATT acknowledges that JPMorgan raises a question as to whether amounts owed to a foreign state are immune from attachment or execution, and otherwise alleges that the allegations contained in paragraph 62 of the Petition constitute assertions of law as to which no responsive pleading is required.

31. As to paragraph 63 of the Petition, CATT admits that JPMorgan characterizes itself as a stakeholder that may be subject to conflicting claims, and otherwise alleges that the remaining allegations contained in paragraph 63 of the Petition constitute assertions of law as to which no responsive pleading is required.

32. CATT lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 64 of the Petition that JPMorgan is seeking a

discharge in interpleader, and otherwise alleges that the remaining allegations contained in paragraph 64 of the Petition constitute assertions of law to which no responsive pleading is required.

33. CATT lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Petition.

34. CATT lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Petition.

35. As to paragraph 67 of the Petition, CATT admits that the Court must adjudicate the respective rights of all parties in respect of the blocked accounts that are made subject to turnover, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 67 of the Petition.

36. As to paragraph 68 of the Petition, CATT admits that JPMorgan otherwise is unable to effect the transfer of blocked deposits held by it in the absence of a court order, and otherwise alleges that the remaining allegations contained in paragraph 68 of the Petition constitute assertions of law to which no responsive pleading is required.

37. As to paragraph 69 of the Petition, CATT alleges that the allegations contained in paragraph 69 of the Petition constitute assertions of law to which no responsive pleading is required.

38. CATT alleges that paragraph 70 of the Petition constitutes JPMorgan's prayer for relief which requires no responsive pleading.

## FIRST DEFENSE

The Court lacks personal jurisdiction over CATT.

## SECOND DEFENSE

JPMorgan Chase Bank, N.A. has failed to join necessary and indispensable parties to this proceeding, including the United States Department of Treasury, Jeanette Hausler, individually and as personal representative of the Estate of Robert Otis Fuller, Thomas Caskey, as personal representative of the Estate of Lynita Fuller Caskey, Frederick Fuller, Frances Fuller, Grace Lutes and Irene Moss.

## THIRD DEFENSE

All transactions involving the blocked accounts and/or assets which may be at issue in this proceeding are prohibited unless authorized under applicable federal law, the Cuban Assets Control Regulations, and/or by the Office of Foreign Assets Control, United States Department of Treasury.

## FOURTH DEFENSE

Certain funds held in the blocked AT&T Long Lines and Florida Land Sale Accounts at JPMorgan Chase Bank, N.A., including any accrued interest, are the sole property of AT&T and/or its wholly-owned subsidiary CATT.

## FIFTH DEFENSE

CATT, AT&T's wholly-owned subsidiary, is not an agency or instrumentality of The Republic of Cuba, and by this Answer, CATT hereby gives notice that it will seek attorneys' fees and costs pursuant to Rule 11 of the Federal Rules of Civil Procedure, and appropriate sanctions pursuant to any other applicable statute, rule, or inherent authority of the Court, should CATT be forced by any party to incur unnecessary costs and expenses in litigating CATT's status in this or in any other proceeding.

## SIXTH DEFENSE

CATT asserts any and all rights it has under federal, state and international law, including without limitation the applicable law of set-off, in respect of all amounts (a) in the blocked AT&T Long Lines and Florida Land Sale Accounts at JPMorgan Chase Bank, N.A. in which AT&T and/or CATT claim an interest, and/or (b) owed to AT&T and/or CATT by any party which may claim an interest in any funds contained in the blocked AT&T Long Lines and Florida Land Sale Accounts at JPMorgan Chase Bank, N.A.

## SEVENTH DEFENSE

Any underlying judgment at issue in this proceeding, and any permissible attachment in aid of execution and/or execution in relation thereto, must comply with the provisions of the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611 ("FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2337 (codified at 28 U.S.C. § 1610 note) ("TRIA") to the extent applicable.

## EIGHTH DEFENSE

The FSIA prohibits using the assets of one agency or instrumentality of a sovereign to satisfy a judgment rendered against another, unrelated agency or instrumentality.

## NINTH DEFENSE

TRIA does not contemplate pre-judgment attachment.

## TENTH DEFENSE

TRIA only permits execution upon blocked assets in aid of execution in order to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable."

### ELEVENTH DEFENSE

Pursuant to § 5232 of the New York Civil Practice Law and Rules, made applicable to this proceeding pursuant to Rule 69(a), Fed. R. Civ. P., any debt incurred by AT&T and/or CATT, as garnishees, to The Republic of Cuba after the transfer or payment of any amount subject to any writ or order is not subject to the levy, and the levy shall be void except as to debts which have been transferred or paid, or as to which a proceeding under CPLR §§ 5225 or 5227 has been brought.

### TWELFTH DEFENSE

CATT hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this matter and hereby reserves the right to amend this Answer to assert any such defense.

### CATT'S COUNTERCLAIM, CROSS-CLAIMS AND THIRD-PARTY CLAIM FOR DECLARATORY RELIEF

Adverse-Claimant Respondent Cuban American Telephone and Telegraph Company ("CATT"), by its attorneys, Sidley Austin LLP, for its counterclaim, cross-claims and third-party claim for declaratory relief, alleges as follows:

1.  CATT, as an adverse claimant and interested person asserts these counterclaim, cross-claims and third-party claim for declaratory relief pursuant to Fed. R. Civ. P. 13, 19, 20, 22, 57 and 69, 28 U.S.C. § 2201, and CPLR §§ 5225, 5239, 6214 and 6221, and seeks a declaration that CATT, as the wholly-owned subsidiary of AT&T Corp. ("AT&T"), is not an agency or instrumentality of The Republic of Cuba, and thus adverse-claimants Ana Margarita Martinez, Jeannette Hausler, Thomas Caskey, Frederick Fuller, Frances Fuller, Grace Lutes and Irene Moss cannot levy upon, and third-party petitioner JPMorgan Chase Bank, N.A. cannot

release, CATT's funds contained in certain blocked accounts at JPMorgan Chase Bank, N.A.

## PARTIES

2. Adverse-claimant and interested person CATT is a corporation organized and existing under Cuban law. CATT is AT&T's wholly-owned subsidiary.

3. Adverse-claimant and interested person AT&T is a New York corporation with its principal place of business in New Jersey.

4. Upon information and belief, garnishee-counterclaim-respondent and third-party petitioner JPMorgan Chase Bank, N.A. ("JPMorgan") is a national banking association incorporated under the laws of the United States that maintains its main office at 1111 Polaris Parkway, Columbus, Ohio, and that maintains a branch office at 270 Park Avenue, New York, New York.

5. Upon information and belief, adverse-claimant Gary Anderson ("Anderson") is a resident of Florida. Upon information and belief, Anderson is the personal representative of the Estate of Howard Anderson, and is the successor in that capacity to Dorothy Anderson McCarthy ("McCarthy"). McCarthy obtained a default judgment against The Republic of Cuba.

6. Upon information and belief, adverse-claimant and cross-claim respondent Ana Margarita Martinez ("Martinez") is a resident of Florida who obtained a default judgment against The Republic of Cuba.

7. Upon information and belief, adverse-claimant and third-party respondent Jeanette Hausler ("Hausler") is a resident of the State of Florida. Hausler also is the personal representative of the Estate of Robert Otis Fuller. Hausler obtained a default judgment against The Republic of Cuba.

8. Upon information and belief, adverse-claimant and third-party respondent Thomas Caskey ("Caskey") is a resident of Florida and is the personal representative of the estate of Lynita Fuller Caskey. Further, upon information and belief, adverse claimants and third-party respondents Frederick Fuller, Frances Fuller, Grace Lutes, and Irene Moss (with Caskey, collectively the "Caskey/Sibling Claimants") are all residents of the State of Florida. The Caskey/Sibling Claimants obtained a default judgment against The Republic of Cuba.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over CATT's counterclaim, cross-claims and third-party claim in this proceeding to resolve adverse claims because Anderson's turnover proceeding and JPMorgan's Petition in Interpleader necessarily invoke federal law. In addition, this Court has jurisdiction over this proceeding under 28 U.S.C. § 1330 in that it is in the nature of an action brought against a foreign state as defined in the FSIA. Furthermore, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all claims, like CATT's counterclaim, cross-claims and third-party claim, that are so related to claims in this proceeding within the Court's original jurisdiction that they form a part of the same case or controversy.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (f) and CPLR §§ 5239 and 6221 because the property that is the subject of this proceeding is situated in this District.

## BACKGROUND

### A. The McCarthy Writ

11. Upon information and belief, on December 21, 2006, AT&T was served with a Writ of Execution dated December 19, 2006 ("Writ of Execution") issued by the Court in the matter captioned <u>Dorothy Anderson McCarthy v. The Republic of Cuba</u>, 05 Civ. 7214 (Case

No. 05 Civ. 7214 the "McCarthy/Weininger Proceeding"). It is pursuant to this Writ of Execution that Anderson's turnover proceeding, which is the subject of the instant matter, was instituted.

12. Upon information and belief, the Writ of Execution sought to execute upon any property of The Republic of Cuba and any of its "agencies or instrumentalities," including Empresa de Telecomunicaciones Internacionales de Cuba, in AT&T's possession or control.

13. By letter dated September 4, 2007, AT&T responded to the Writ of Execution. In its September 4, 2007 response, AT&T stated that its records reflect that CATT, AT&T's wholly-owned subsidiary, has accrued a tax liability to The Republic of Cuba for Cuban income taxes on the accumulated gross interest income attributable to certain funds contained in the blocked AT&T Long Lines and Florida Land Sale Accounts at JPMorgan. AT&T further stated that these accounts also contain funds due and owing from AT&T solely to CATT.

14. By Stipulation of Agreement entered into by and between McCarthy, Janet Ray Weininger, AT&T and CATT in the McCarthy/Weininger Proceeding and so-ordered by the Court on April 10, 2006, the parties agreed that CATT's funds in the blocked accounts would be deemed held for the account of CATT, are not property of The Republic of Cuba or its agencies or instrumentalities, and thus are not subject to execution in the instant turnover proceeding commenced by Anderson. Anderson, as successor in interest to McCarthy, has stepped into McCarthy's shoes and is bound by the Stipulation of Agreement entered by the Court on April 10, 2006. Accordingly, CATT's funds in the blocked accounts also are not subject to garnishment or execution by Anderson in this or in any other proceeding.

15. On September 11, 2007, Anderson commenced the turnover proceeding in this Court seeking immediate turnover of "blocked funds that represent funds owing to The

Republic of Cuba for the tax liabilities of CATT accrued." Upon information and belief, the Writ of Execution remains extant.

### B. The Martinez Order of Attachment

16. Upon information and belief, on August 15, 2007, AT&T was served with an Order of Attachment dated July 23, 2007 ("Order of Attachment") and issued by the Court in the matter captioned Ana Margarita Martinez v. The Republic of Cuba, 07 Civ. 6607. Martinez is represented by the same counsel representing McCarthy and Anderson. Like the McCarthy Writ of Execution, Martinez' Order of Attachment sought to attach any property of The Republic of Cuba or any of its "agencies and instrumentalities" in AT&T's possession or control.

17. By letter dated September 4, 2007, AT&T responded to the Order of Attachment. In its September 4, 2007 response, AT&T stated that its records reflect that CATT, AT&T's wholly-owned subsidiary, has accrued a tax liability to The Republic of Cuba for Cuban income taxes on the accumulated gross interest income attributable to certain funds contained in the blocked AT&T Long Lines and Florida Land Sale Accounts at JPMorgan. AT&T further stated that these accounts also contain funds due and owing from AT&T solely to CATT.

18. The Martinez Order of Attachment expressly directs that AT&T is forbidden to assign, transfer, dispose of or interfere with property in its possession or custody in which The Republic of Cuba or its agencies or instrumentalities has an interest.

### C. The Florida Writs of Garnishment

19. Upon information and belief, on August 13, 2007, AT&T was served with Writs of Garnishment (the "Garnishment Writs") issued in the matter captioned Jeannette Hausler v. The Republic of Cuba, Florida State Court Case No. 02-12475 CA 09 (11th Circuit Court, Miami-Dade County, Florida). Upon information and belief, counsel to Hausler and the Caskey/Sibling Claimants in the Florida proceedings includes counsel to Janet Ray Weininger in

the McCarthy/Weininger Proceeding. The Florida Garnishment Writs sought to determine whether AT&T is indebted to The Republic of Cuba and/or its agencies and instrumentalities. The Garnishment Writs also purported to identify CATT, AT&T's wholly-owned subsidiary, as an agency or instrumentality of The Republic of Cuba.

20.     Upon information and belief, AT&T timely removed the Florida State Court action commenced by Hausler and the Caskey/Sibling Claimants to the United States District Court for the Southern District of Florida (Case No. 07-22375-CIV-Jordan/Torres). AT&T's motion to transfer the Florida federal court action to this Court is sub judice.

21.     AT&T answered the Florida Garnishment Writs on September 4, 2007. In its answer to the Garnishment Writs, AT&T stated that its records reflect that CATT, AT&T's wholly-owned subsidiary, has accrued a tax liability to The Republic of Cuba for Cuban income taxes on the accumulated gross interest income attributable to certain funds contained in the blocked AT&T Long Lines and Florida Land Sale Accounts at JPMorgan. AT&T further stated that these accounts also contain funds due and owing from AT&T solely to CATT.

22.     Further, AT&T's answer expressly stated, inter alia, that CATT is AT&T's wholly-owned subsidiary, and not an agency or instrumentality of The Republic of Cuba.

23.     Upon information and belief, on September 20, 2007, Hausler and the Caskey/Sibling Claimants served replies to AT&T's answer to the Garnishment Writs. In their replies, Hausler and the Caskey/Sibling Claimants maintained that CATT is an agency or instrumentality of The Republic of Cuba.

### CLAIM FOR RELIEF
### (COUNTERCLAIM AGAINST JPMORGAN, CROSS-CLAIM AGAINST MARTINEZ AND THIRD-PARTY CLAIM AGAINST HAUSLER AND THE CASKEY/SIBLING CLAIMANTS FOR DECLARATORY RELIEF AS TO CATT'S STATUS)

24. CATT repeats and realleges the allegations of paragraphs 1 through 23 of these counterclaim, cross-claims and third-party claim as if fully set forth herein.

25. An actual controversy has arisen and now exists between CATT and AT&T, and JPMorgan, Hausler, Martinez and the Caskey/Sibling Claimants concerning whether CATT is an agency or instrumentality of The Republic of Cuba, and thus whether funds due from AT&T solely to CATT in the AT&T Long Lines and Florida Land Sale Accounts are subject to execution under the FSIA and TRIA. This controversy is of sufficient immediacy to warrant judicial action as such action will serve to clarify and settle the legal issues presented by this proceeding, and will end any uncertainty and/or controversy giving rise to the issue of CATT's status. Accordingly, pursuant to CPLR §§ 5225, 5239, 6214 and 6221, made applicable to this proceeding pursuant to Fed. R. Civ. P. 69, CATT as an adverse claimant and interested person may seek a determination as to its and AT&T's rights in certain funds in the AT&T Long Lines and Florida Land Sale Accounts.

26. CATT is AT&T's wholly-owned subsidiary. As such, it is not an agency or instrumentality of The Republic of Cuba within the meaning of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 *et seq.*

27. CATT thus desires a judicial determination and declaration against JPMorgan, Martinez, Hausler and the Caskey/Sibling Claimants that CATT is AT&T's wholly-owned subsidiary, that CATT is not an agency or instrumentality of The Republic of Cuba, and thus that amounts in the AT&T Long Lines and Florida Land Sale Accounts due from AT&T

17

solely to CATT are not subject to execution, and may not be released by JPMorgan to satisfy any judgment rendered against The Republic of Cuba and/or its agencies or instrumentalities. A judicial declaration is necessary and appropriate at this time so that CATT and/or AT&T may readily establish their sole and exclusive entitlement to these funds.

### PRAYER FOR RELIEF

WHEREFORE, CATT requests judgment as follows:

A. On its Claim for Relief against JPMorgan, Martinez, Hausler and the Caskey/Sibling Claimants, a declaration that CATT is AT&T's wholly-owned subsidiary, that CATT is not an agency or instrumentality of The Republic of Cuba, and thus that amounts in the AT&T Long Lines and Florida Land Sale Accounts due from AT&T solely to CATT are not subject to execution, and may not be released by JPMorgan, to satisfy any judgment rendered against The Republic of Cuba and/or its agencies or instrumentalities;

B. Costs and attorneys fees; and

C. Such other relief as this Court may deem just and proper.

Dated: New York, New York
February 8, 2008

Respectfully submitted,

SIDLEY AUSTIN LLP

By: _____
Lynn A. Dummett
787 Seventh Avenue
New York, New York 10019
(212) 839-5300
Attorneys for Garnishee and Adverse Claimant-Respondent Cuban American Telephone and Telegraph Company

Of Counsel:
Suzanne L. Montgomery, Esq.
AT&T Corp. -- Senior Litigation Attorney
One AT&T Way
Bedminster, New Jersey 07921

NY1 6533745v.1

STATE OF NEW YORK          )
                           )   s.s.:
COUNTY OF NEW YORK         )

## AFFIDAVIT OF SERVICE

I, George L. Conover, being over the age of eighteen (18) years, and not a party to this action, and being first duly sworn, state on oath that on February 8, 2008, I served ANSWER annexed hereto in the following manner:

**Electronically via the SDNY ECF upon**:

Joseph A. DeMaria, Esq.
Bryan T. West, Esq.
Tew Cardenas LLP
1441 Brickell Avenue, 15th Floor
Miami, Florida 33131
*Attorneys for Plaintiff Gary Anderson
    and for Adverse Claimant Ana Margarita Martinez*

James L. Kerr, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
*Attorneys for Third-Party Petitioner JPMorgan Chase Bank, N.A.*

**Via Courier - DHL upon:**

The Republic of Cuba
Felipe Perez Roque
Minister of Foreign Relations
Calzada No. 360, Esquina AG
Vedado, Havana, CUBA

**Via Courier - Federal Express upon**:

Roberto Martinez, Esq.
Colson Hicks Eidson
255 Aragon Avenue
Coral Gables, Florida 33134
*Attorneys for the Personal Representative Adverse-Claimants*

Alfonso J. Perez, Jr., Esq.

2

Rasco Reininger Perez Esquenazi & Vigil, P.A.
283 Catalonia Avenue
Coral Gables, Florida 33134
*Attorneys for the Non-Personal Representative Adverse-Claimants*

Office of the Chief Counsel
Office of Foreign Assets Control
U.S. Department of Treasury
Treasury Annex
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

_____
George L. Conover

Subscribed and sworn to me this
8th day of February, 2008

_____
Notary Public

WILLIAM U. GENG
Notary Public, State Of New York
No. 01GE4874791
Qualified In New York County
Commission Expires 05/31/20 10

2