UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY ANDERSON, as the Personal Representative of the Estate of Howard Anderson,

        Plaintiff,

against

AT&T CORP., CUBAN AMERICAN TELEPHONE AND TELEGRAPH COMPANY, and JPMORGAN CHASE BANK, N.A.,

        Garnishees.
_____/

Case Number: 07 Civ. 7974 (VM)

**PLAINTIFF GARY ANDERSON'S REPLY TO AMENDED THIRD-PARTY PETITION OF JPMORGAN CHASE BANK, N.A.**

Plaintiff and Adverse Claimant-Respondent Gary Anderson, as the Personal Representative of the Estate of Howard Anderson ("Anderson"), by and through undersigned counsel, hereby responds to the Amended Third-Party Petition of JPMorgan Chase Bank, N.A. ("JPM Chase") (the "Petition"). Anderson responds to each of the numbered paragraphs of the Petition (which are contained in Paragraphs 33 through 70 of D.E. 21) as follows:

1.    In response to Paragraph 33 of the Petition, Anderson admits that JPM Chase purports to bring its Petition in interpleader pursuant to Fed. R. Civ. P. 22, CPLR §§ 5239 & 6221 and Section 134 of the New York Banking Law and that there are funds credited to deposit accounts on the books of JPM Chase's New York branch office, including accounts related to AT&T Corp. ("AT&T") and Cuban American Telephone and Telegraph Company ("CATT") but denies the

remaining allegations in Paragraph 33 to the extent that it suggests that there are adverse claimants who have priority over Anderson.

2.  Anderson admits the allegations in Paragraph 34(a).

3.  Anderson admits the allegations in Paragraph 34(b), except that the service of the attachment also occurred prior to September 19, 2007, and he denies that Martinez is adverse.

4.  In response to Paragraph 34(c) of the Petition, Anderson admits that AT&T deposited funds into the AT&T and CATT Accounts but lacks knowledge sufficient to admit or deny as to the allegations concerning the "inception" of the Accounts.

5.  In response to Paragraph 34(d) of the Petition, Anderson admits that AT&T claims that CATT is the owner of funds in the AT&T/CATT Accounts other than the funds earmarked as being owed to The Republic of Cuba in respect of tax liabilities.

6.  Anderson admits the allegations in Paragraph 34(e).

7.  In response to Paragraph 35 of the Petition, Anderson admits that JPM Chase purports that its allegations represent adverse claims, but Anderson denies the allegations in Paragraph 35 to the extent that it suggests that any third party has priority over Anderson.

8.  Anderson denies the allegations in Paragraph 36.

9.  Anderson denies the allegations in Paragraph 37 and further states that the laws and rules of civil procedure speak for themselves and denies JPM Chase's allegations to the extent that they are inconsistent with such rules and laws.

10. Anderson admits that JPM Chase purports to assert a Third-Party Petition pursuant to Fed. R. Civ. P. 22, CPLR §§ 5239 & 6221 and Section 134 of the New York Banking Law as stated in Paragraph 38 of the Petition.

11. Anderson admits the allegations of Paragraph 39 of the Petition, except he lacks knowledge sufficient to admit or deny JPM Chase's allegations concerning international and foreign banking.

12. Anderson admits the allegations of Paragraph 40 of the Petition.

13. In response to Paragraph 41 of the Petition, Anderson admits that JPM Chase is a national banking association incorporated under the laws of the United States but lacks knowledge sufficient to admit or deny the allegations concerning the precise addresses of JPM Chase.

14. In response to the first sentence of Paragraph 42 of the Petition, Anderson denies that he is a resident of Florida but admits that he is the Personal Representative of the Estate of Howard Anderson and that he is the successor to Dorothy Anderson McCarthy. Anderson admits the remaining allegations in Paragraph 42 of the Petition.

15. Anderson admits the allegations of Paragraph 43 of the Petition, except that he lacks knowledge sufficient to admit or deny the allegations concerning the timing of Weininger's enforcement efforts and the allegations in Footnote 2 in the Petition. Anderson further states that JPM Chase was served with a writ of execution in addition to a notice of service of writ of execution and that the writ of execution speaks for itself.

16. Anderson lacks knowledge sufficient to admit or deny the allegations in Paragraph 44 of the Petition, except states that there were no conflicting claims with AT&T on the funds that were ultimately turned over.

17. In response to Paragraph 45 of the Petition, Anderson admits that the Weininger proceeding was removed to this Court and that JPM Chase filed a Third-Party Petition and states that the petition speaks for itself, but he lacks knowledge sufficient to admit or deny the allegations

related to JPM Chase's use of the term "accordingly."

18. Anderson admits the allegations in Paragraph 46 of the Petition.

19. In response to Paragraph 47 of the Petition, Anderson admits that his counsel made an inquiry in the summer of 2007 regarding the status of various accounts that are carried on the books of JPM Chase in the name of Banco Nacional de Cuba and that documents had been produced but denies the remaining allegations in Paragraph 47 of the Petition.

20. In response to Paragraph 48 of the Petition, Anderson states that he commenced the turnover proceeding by filing it with the Court on September 11, 2007, and admits that JPM Chase was served with process on September 12, 2007. The turnover petition speaks for itself, and Anderson denies the allegations in Paragraph 48 of the Petition to the extent that they are inconsistent with the turnover petition. Anderson admits that the AT&T Long Lines account is the subject of the writ of execution and the prior turnover petition but denies that the writ of execution only covers the AT&T Long Lines account. Anderson denies that no application has been made to extend the efficacy of the writ of execution and denies the allegation in the last sentence of Paragraph 48 to the extent that it suggests that Anderson needed to obtain a second writ of execution.

21. Anderson admits the allegations of Paragraph 49.

22. Anderson admits the allegations of Paragraph 50.

23. Anderson admits the allegations of Paragraph 51 but further states that the order of attachment was also served on a prior date.

24. Anderson admits the allegations of Paragraph 52.

25. Anderson admits the allegations in Paragraph 53, except he lacks knowledge sufficient to admit or deny the exact street address of AT&T's principal place of business.

26. Anderson lacks knowledge sufficient to admit or deny the allegations in Paragraph 54.

27. Anderson lacks knowledge sufficient to admit or deny the allegations in Paragraph 55, except that he admits that, in the prior turnover proceeding, JPM Chase named AT&T, CATT, The Republic of Cuba, and other entities as adverse claimants and respondents, that AT&T and CATT thereafter appeared, and that this Court ordered the turnover of certain of the funds in the AT&T Long Lines Account that were deemed the property of The Republic of Cuba or its agencies or instrumentalities.

28. In response to Paragraph 56, Anderson lacks knowledge sufficient to admit or deny the exact amount that was in the AT&T Long Lines Account on May 31, 2005. Anderson admits the remaining parts of Paragraph 56 and states that the Stipulation speaks for itself.

29. In response to Paragraph 57, Anderson denies the allegations to the extent that the "such amounts" referred to therein refers to the amount alleged in Paragraph 57 and to the extent that it suggests that Anderson is seeking to satisfy his judgment from funds belonging to CATT.

30. In response to Paragraph 58, Anderson admits that AT&T and CATT are in a position to identify their interests in blocked accounts (and have already done so by responding to Anderson's Petition for Turnover) but denies the remaining allegations to the extent that JPM Chase is characterizing AT&T's and CATT's obligations in responding to the Petition and the effect thereof.

31. Anderson admits the allegations of Paragraph 59.

32. Anderson admits the allegations of Paragraph 60.

33. Anderson admits the allegations of Paragraph 61.

34. Anderson admits the allegations of Paragraph 62, except that he denies that the

situation raises a "question."

35. Anderson admits the allegation of Paragraph 63 that JPM Chase purports to be a stakeholder, except that he denies that JPM Chase would be subject to conflicting claims.

36. In response to Paragraph 64, Anderson admits that JPM Chase purports to be seeking a discharge in interpleader and a discharge pursuant to CPLR §§ 5209 and 6204.

37. Anderson denies the allegations in Paragraph 65 to the extent that JPM Chase is raising issues that are not required for a determination of a turnover in favor of Anderson.

38. Anderson admits the allegations of Paragraph 66, except that he denies that his rights are dependent on a third party's failure to appear to assert a defense to execution or a claim to the blocked assets. Anderson further states that his relief will be determined through his previously-filed turnover petition in this case.

39. Anderson lacks sufficient knowledge to admit or deny the allegations of Paragraph 67.

40. Anderson admits the allegations in the first sentence of Paragraph 68. Anderson lacks sufficient knowledge to admit or deny the allegations of the second sentence of Paragraph 68.

41. Anderson denies the allegations in Paragraph 69 to the extent that such allegations imply that Anderson has not satisfied the requirements for the issuance of a writ of execution pursuant to the FSIA and TRIA and to the extent that JPM Chase is purporting to create requirements that exceed those under the FSIA and TRIA. Specifically, Anderson states that: (1) Anderson does possess a judgment against a terrorist party based on an act of terrorism and for which a terrorist party is not immune under 28 U.S.C. §1605(a)(7); (2) Anderson's judgment is solely for compensatory damages for which a terrorist party has been adjudged liable; (3) Anderson has served

pleadings upon the foreign state in the manner provided for service by 28 U.S.C. § 1608(a) and (c); (4) Anderson served his petition for turnover upon the Republic of Cuba; (5) Anderson has already received an adjudication that a reasonable period of time has elapsed following entry of the judgment and that service of the judgment was perfected under 28 U.S.C. § 1608(e); (6) the property against which Anderson seeks to execute is property of The Republic of Cuba or of its agencies and instrumentalities; and (7) Anderson is not seeking to execute against any assets that are subject to the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations. JPM Chase is aware of much of the foregoing by virtue of this Court's rulings on the prior turnover motion, which is reported at Weininger v. Castro, 462 F. Supp. 2d 457 (S.D.N.Y. 2006). Anderson lacks knowledge sufficient to admit or deny the remaining allegations in Paragraph 69 regarding what other judgment creditors should be required to establish. To the extent that Anderson has priority, it is not necessary for the Court to determine any other person's entitlement for a turnover.

42.     Anderson denies the allegations in Paragraph 70 to the extent that JPM Chase is purporting to create requirements that exceed those under the FSIA and TRIA or is suggesting that this Court should address the claims of other judgment creditors. The issues for determination regarding the turnover were already set forth in Anderson's petition for turnover. Anderson denies that JPM Chase should be entitled to an award of costs and attorney's fees, particularly to the extent that JPM Chase would purport to exhaust the funds subject to the turnover.

### Defenses and Further Responses

1.     JPM Chase has, in whole or in part, failed to state a claim upon which relief can be granted.

2.     Anderson and Martinez have reached an agreement to cooperate with each other in

their execution efforts and to divide the proceeds to the extent that either one or both of them execute. Therefore, Anderson and Martinez are not acting adversely to each other.

3. Previously, JPM Chase had attempted to add additional allegedly adverse claimants to this case and has since removed them as parties in light of the fact that such persons did not present cognizable adverse claims to the asset at issue in this turnover proceeding. This has been further confirmed by stipulations filed with this Court reflecting that such persons have not asserted claims against the tax liabilities which are the limited subject matter of the present case. (See D.E. 22 and 23.) Therefore, the sole issue in this case is the turnover of the tax liability funds to Anderson, and, as noted above, Anderson and Martinez are not adverse claimants against each other. Further, there is no dispute concerning the fact that the limited funds at issue in this case are tax liabilities owed to the Republic of Cuba and therefore are subject to execution.

4. Certain of the elements related to Anderson's claims have already been determined by this Court in Weininger v. Castro, 462 F. Supp. 2d 457 (S.D.N.Y. 2006), and the orders and judgments related thereto. JPM Chase is estopped from raising matters that have already been determined in the Weininger matter.

5. JPM Chase is not entitled to costs and attorney's fees to the extent that it is not a disinterested stakeholder who has conceded liability and has deposited the funds into the Court. A review of the Petition (and the initial petition before the amendment) indicates that JPM Chase is creating roadblocks and unnecessary conditions to the turnover of the funds in the Accounts. Moreover, according to AT&T, the current amount in the Accounts related to taxes due and owing to The Republic of Cuba is approximately $14,000.00. Thus, to the extent that JPM Chase is multiplying these proceedings and is claiming an entitlement to its attorney's fees that would exhaust

the relatively modest amount of funds currently available in the Accounts, it would not comport with the standard for permitting a disinterested stakeholder to recover reasonable costs and attorney's fees.

**TEW CARDENAS LLP**

By: s/Bryan T. West
Joseph A. DeMaria (JD 5668)
jad@tewlaw.com
Bryan T. West (BW 8739)
btw@tewlaw.com
Counsel for Petitioner, Gary Anderson, as the Personal Representative of the Estate of Howard Anderson
1441 Brickell Avenue, 15th Floor
Miami, Florida 33131
Phone: 305 536-1112
Fax: 305-536-1116

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 11th day of February, 2008, on the following:

**VIA ECF**:

James L. Kerr, Esq.
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
*Counsel for JPMorgan Chase*

Lynn A. Dummett, Esq.
SIDLEY AUSTIN
787 Seventh Avenue
New York, NY 10019
*Counsel for AT&T Corp. and Cuban American Telephone and Telegraph Corp.*

s/Bryan T. West

@PFDesktop\::ODMA/MHODMA/DMS_NT;Miami;500953;1