UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――― x
                                                          :
GARY ANDERSON, as the Personal                            :
Representative of the Estate of Howard                    :
Anderson,                                                 :
                                                          :
                    Plaintiff,              :      07 Civ. 7974 (VM)
                                                          :
           - against -                                    :
                                                          :
AT&T CORP., CUBAN AMERICAN                                 :
TELEPHONE AND TELEGRAPH COMPANY,          :
and JPMORGAN CHASE BANK, N.A.,                            :
                                                          :
                    Garnishees.             :
                                                          :
―――――――――――――――――――――――――――― x

```
┌──────────────────────────────────┐
│ USDS SDNY                         │
│ DOCUMENT                          │
│ ELECTRONICALLY FILED              │
│ DOC #: _____            │
│ DATE FILED: 5 6 08                │
└──────────────────────────────────┘
```

### STIPULATION OF AGREEMENT AND [PROPOSED] ORDER BETWEEN AT&T CORP., CUBAN AMERICAN TELEPHONE AND TELEGRAPH COMPANY, ANA MARGARITA MARTINEZ, AND GARY ANDERSON

This Stipulation of Agreement (the "Stipulation") is entered into by and between Ana Margarita Martinez ("Martinez") and Gary Anderson ("Anderson"), on the one hand, and AT&T Corp. ("AT&T") and the Cuban American Telephone and Telegraph Company ("CATT"), on the other.

### RECITALS

WHEREAS, on or about December 21, 2006, AT&T was served with a Writ of Execution dated December 19, 2006 (the "Anderson Writ of Execution") issued by the Court in the matter captioned Dorothy Anderson McCarthy v. The Republic of Cuba, Case No. 05 Civ. 7214/18-MS-0302 (VM);

WHEREAS, on or about September 11, 2007, Anderson, as the personal representative of the Estate of Howard Anderson, and in connection with the Anderson Writ of Execution, filed a petition for turnover proceeding in the above-referenced matter captioned Gary Anderson v. AT&T Corp., et al., Case No. 07 Civ. 7974 (VM) (the "Turnover Proceeding"), wherein Anderson has named as garnishees AT&T, CATT (AT&T's wholly-owned subsidiary), and JPMorgan Chase Bank, N.A. ("JPMorgan Chase");

WHEREAS, in the Turnover Proceeding, Anderson seeks turnover of Cuban income taxes due from CATT to The Republic of Cuba in the approximate amount of $37,999.03 as of March 31, 2008 that are booked against, and that have accrued as of March 31, 2008 and will accrue up to the date of any turnover order entered by the Court in the Turnover Proceeding (the "Tax Funds"), and has asserted a right to collect any additional Cuban income taxes due from CATT to The Republic of Cuba that may continue to accrue after the date of any such turnover of the Tax Funds (hereinafter, any such additional Cuban income taxes are referred to as the "Future Accruals"), on the accumulated gross interest income attributable to certain funds contained in two blocked accounts at JPMorgan Chase, New York, New York, denominated the "AT&T Long Lines Account," Account Number G00875 (the "AT&T Long Lines Account"), and the "Florida Land Sale Account," Account Number G00882 (the "Land Sale Account"), which Accounts contain funds deposited by AT&T due and owing from AT&T solely to CATT, and which are blocked pursuant to the Cuban Assets Control Regulations, 31 C.F.R. §§ 515.101 et seq.;

WHEREAS, on or about October 2, 2007, JPMorgan Chase, in response to the Turnover Proceeding, filed a third-party petition in interpleader naming Anderson, Martinez,

2

AT&T, CATT and various other parties that, according to JPMorgan Chase, may have an interest in funds contained in the AT&T Long Lines and Land Sale Accounts;

WHEREAS, on or about January 25, 2008, JPMorgan Chase filed an amended third-party petition in interpleader (the "Amended Interpleader Petition");

WHEREAS, on or about February 8, 2008, AT&T and CATT filed their Answers, Defenses and Counterclaims, Cross-Claims and Third-Party Claims for Declaratory Relief in response to the Amended Interpleader Petition in which, *inter alia*, AT&T and CATT have asserted and sought a declaration that certain funds (other than amounts booked as the Tax Funds) contained in the AT&T Long Lines and Land Sale Accounts at JPMorgan Chase are the sole property of AT&T and/or its wholly-owned subsidiary CATT (such funds which are the sole property of AT&T and/or CATT totaling approximately $6,671,122.08 in the AT&T Long Lines Account, and approximately $190,274.62 in the Land Sale Account, as of March 31, 2008), and thus are not subject to execution and may not be released by JPMorgan Chase to satisfy any judgment rendered against The Republic of Cuba and/or its agencies or instrumentalities;

WHEREAS, in AT&T's Answer, Defenses and Counterclaim, Cross-Claims and Third-Party Claim for Declaratory Relief filed in response to the Amended Interpleader Petition, AT&T also has sought a declaration that as to an accrued liability for telecommunications settlement payments (the "Accrued Liability") potentially due from AT&T to Empresa de Telecomunicaciones Internacionales de Cuba ("EmtelCuba"), there no longer is a debt subject to execution because the Accrued Liability was written off AT&T's books, and that even if AT&T had not written off the Accrued Liability, AT&T is entitled to assert its right of set-off against the Accrued Liability for amounts due from EmtelCuba to AT&T;

3

WHEREAS, on or about January 29, 2008, Anderson and Martinez entered into a stipulation with the plaintiffs in the matter captioned Hausler v. The Republic of Cuba, Case No. 07-22375-CIV-JORDAN/TORRES, pending in the United States District Court for the Southern District of Florida (the "Hausler Proceeding"), wherein Anderson and Martinez agreed, among other things, to cease and desist their execution efforts against the Accrued Liability;

WHEREAS, on or about February 11, 2008, Martinez and Anderson filed responses to the Amended Interpleader Petition wherein, in Paragraph 29 of their respective responses (in response to Paragraph 57 of the Amended Interpleader Petition), Martinez and Anderson denied that they are seeking to satisfy their judgments against The Republic of Cuba from funds belonging to CATT in its capacity as a wholly-owned subsidiary of AT&T;

WHEREAS, in response to the Amended Interpleader Petition, Martinez and Anderson further represented that the sole funds at issue in the Turnover Proceeding are the Tax Funds, and that Martinez and Anderson have reached an agreement to cooperate with each other in their execution efforts as to the Tax Funds;

WHEREAS, on or about March 3, 2008, Martinez filed a motion to dismiss the cross-claims asserted against her by AT&T and CATT in their responses to the Amended Interpleader Petition;

WHEREAS, on or about March 13, 2008, AT&T was served with a Writ of Execution dated February 26, 2008 issued by the Court on behalf of Martinez (the "Martinez Writ of Execution") in the matter captioned Ana Margarita Martinez v. The Republic of Cuba, Case No. 07 Civ. 6607 (VM), concerning "any funds, property or assets [AT&T] may be holding" to satisfy a judgment against judgment debtor The Republic of Cuba in the amount of $12,197,151.38;

4

WHEREAS, on or about March 14, 2008, AT&T also was served with a Notice of Service of Writ of Execution dated March 6, 2008 (the "Notice") which narrowed and further clarified the Martinez Writ of Execution served upon AT&T, and which stated that the levy by service of the Martinez Writ of Execution is "strictly limited to" the Tax Funds;

WHEREAS, by Stipulation of Agreement entered into by and between, among others, the late Dorothy Anderson McCarthy (Anderson's mother and the former personal representative of the Estate of Howard Anderson), AT&T and CATT in the matter captioned Weininger v. Castro, et al., Case No. 05 Civ. 7214 (VM), and so-ordered by the Court on April 10, 2006 (the "April 2006 Agreement"), the parties to the April 2006 Agreement agreed that CATT's funds in the AT&T Long Lines Account would be deemed held for the account of CATT, are not the property of The Republic of Cuba or its agencies or instrumentalities, and thus are not subject to turnover;

WHEREAS, Anderson, as successor in interest to Dorothy Anderson McCarthy, has stepped into the shoes of Dorothy Anderson McCarthy and thus is bound by the representations and undertakings set forth in the April 2006 Agreement;

WHEREAS, it is the desire of Martinez, Anderson, AT&T and CATT to avoid and to settle, once and forever, as between the parties hereto all rights, claims and demands which Martinez and Anderson, on the one hand, and AT&T and CATT, on the other hand, may have in respect of (a) all amounts in the AT&T Long Lines Account and the Land Sale Account claimed to be the sole property of AT&T and/or CATT, (b) the Accrued Liability, and (c) the Tax Funds, without waiver of the parties' rights in the Hausler Proceeding;

NOW, THEREFORE, for and in consideration of the mutual covenants and promises contained herein, Martinez, Anderson, AT&T and CATT agree as follows:

5

1.      Martinez and Anderson, in consideration of the obligations set forth in Paragraph 4 of this Stipulation, for themselves and their successors, heirs and assigns, and all other persons or entities claiming by, through, or under them, do hereby stipulate and agree not to seek recovery against or otherwise challenge AT&T's and/or CATT's entitlement to any and all funds contained in the AT&T Long Lines Account and in the Land Sale Account, plus any and all interest accrued and accruing thereon, totaling approximately $6,671,122.08 in the AT&T Long Lines, plus any additional interest accruing thereon from March 31, 2008 up to the date of any turnover, and totaling approximately $190,274.62 in the Land Sale Account, plus any additional interest accruing thereon from March 31, 2008 up to the date of any turnover, claimed by AT&T and/or CATT to be the sole property of AT&T and/or CATT (hereinafter the "AT&T/CATT Funds"), and to forever waive any claim as to the AT&T/CATT Funds and any additional interest accruing thereon.

2.      Martinez and Anderson, in further consideration of the obligations set forth in Paragraph 4 of this Stipulation, for themselves and their successors, heirs and assigns, and all other persons or entities claiming by, through, or under them, do hereby stipulate and agree not to seek recovery directly against AT&T as to the Accrued Liability, or otherwise directly challenge the write-off of the Accrued Liability and/or AT&T's claimed entitlement to set-off against the Accrued Liability, and to forever waive any direct claim as to the Accrued Liability against AT&T.  This stipulation and agreement by Martinez and Anderson as to the Accrued Liability is without waiver of Martinez's and Anderson's rights to share in any recovery derived from the Accrued Liability that may be obtained by third parties, including, but not limited to, parties in the Hausler Proceeding, or to otherwise participate in the Hausler Proceeding.

6

3. By this Stipulation, Martinez also represents that the March 13, 2008 levy by service of the Martinez Writ of Execution, as further narrowed and clarified by the Notice, is expressly limited to the Tax Funds.

4. In consideration of the waiver of claims by and representations of Martinez and Anderson as stated in Paragraphs 1, 2 and 3 above, AT&T and CATT agree that they will not assert any objection to any motion for summary judgment, or any request for turnover filed or asserted by Martinez and/or Anderson in the above-captioned Turnover Proceeding as to the Tax Funds, the granting of judgment pursuant to any such motion or request for turnover as to the Tax Funds, or the subsequent enforcement of a judgment based thereon. AT&T and CATT further agree to dismiss without prejudice, in their entirety, AT&T's First Claim for Relief and Second Claim for Relief (D.E. 24) and CATT's Claim for Relief (D.E. 25) asserted in the form of counterclaims, cross-claims, and third-party claims in response to the Amended Interpleader Petition, and Martinez agrees to withdraw her motion to dismiss the cross-claims of AT&T and CATT.

5. Subject to paragraph 4 above, Martinez and Anderson agree that AT&T and CATT have not waived any claim, defense, objection, or legal argument made or to be made in connection with the Turnover Proceeding, the Anderson and Martinez Writs of Execution and/or the Hausler Proceeding by entering into this Stipulation. Subject to and excepting the stipulations, agreements and waivers set forth in paragraphs 1, 2, and 3 above, AT&T and CATT agree that Martinez and Anderson have not waived any claim or legal argument made or to be made by Anderson and Martinez in connection with the Turnover Proceeding, the Anderson and Martinez Writs of Execution and/or the Hausler Proceeding by entering into this Stipulation. Martinez and Anderson specifically agree and acknowledge that, should Martinez or Anderson in

7

the future attempt to execute against any Cuban assets held or owned by AT&T or CATT, that AT&T and CATT shall be entitled, to the extent otherwise permitted by law, in any such future action or proceeding, to maintain any claim, defense, objection, or legal argument in opposition to such action or proceeding, or to the execution, or the validity, of any underlying judgment. AT&T and CATT specifically agree and acknowledge that should Martinez or Anderson in the future attempt to execute against any Cuban assets held or owned by AT&T or CATT (with the exception of the AT&T/CATT Funds and the Accrued Liability that are the subject of this Stipulation), Martinez and Anderson shall be entitled, to the extent otherwise permitted by law, in any such future action or proceeding, to maintain any claim or legal argument in support of such action or proceeding.

6.      The parties agree that the execution of this Stipulation is done entirely for the purpose of compromise and settlement concerning the AT&T Long Lines Account, the Land Sale Account, the Accrued Liability and the Tax Funds solely as between AT&T, CATT, Anderson, and Martinez.  Nothing contained herein shall be construed as an admission on the part of AT&T or CATT as to the propriety of any judgment obtained by Martinez, Anderson and/or Dorothy Anderson McCarthy, or actions taken by Martinez, Anderson and/or Dorothy Anderson McCarthy to execute on any such judgment, and nothing contained herein shall be construed as an admission on the part of Martinez and Anderson as to the propriety of any defenses by AT&T or CATT against execution based on any such judgment.  This Stipulation is limited to resolving the turnover of the Tax Funds (as defined above) and does not resolve any arguments, claims, or defenses that any of the parties to this Stipulation may assert in connection with a request for turnover of any Future Accruals (as defined above).

8

7.     It is understood and agreed that this Stipulation is the sole, only, entire and complete agreement between the parties hereto and/or in any way relating to the subject matter hereof. No statements, promises, or representations have ever been made or relied upon by the undersigned other than those specifically identified in this Stipulation. No conditions precedent to the effectiveness of this Stipulation exist, other than those which have been expressly provided herein.

8.     It is understood and agreed that all parties have read this Stipulation, have consulted with their legal counsel regarding the contents of the Stipulation and fully understand its contents, and that each is executing this Stipulation of their own free will and accord and for the purpose and consideration herein expressed.

9.     This Stipulation may be signed in counterparts, and upon execution, the parties agree that this Stipulation shall have the effect of an agreement among the signatories and is not conditioned upon any eventual court orders approving this Stipulation.

IN WITNESS WHEREOF, Martinez, Anderson, AT&T and CATT have executed this Stipulation as of the date indicated below.

This 5th day of May, 2008.

9

Ana Margarita Martinez

Gary Anderson, as the Personal
Representative of the Estate of Howard
Anderson

**TEW CARDENAS LLP**
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 536-1112
Facsimile: (305) 536-1116
Attorneys for Ana Margarita Martinez and Gary
Anderson

By: _____
Joseph A. DeMaria (JD 5668)
jad@tewlaw.com
Bryan T. West (BW 8739)
btw@tewlaw.com

10

_____          _____
Ana Margarita Martinez                    Gary Anderson, as the Personal
                                          Representative of the Estate of Howard
                                          Anderson


**TEW CARDENAS LLP**
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 536-1112
Facsimile: (305) 536-1116
Attorneys for Ana Margarita Martinez and Gary
Anderson


By:_____
Joseph A. DeMaria (JD 5668)
jad@tewlaw.com
Bryan T. West (BW 8739)
btw@tewlaw.com

AT&T Corp.

By: _____
Howard Spierer
General Attorney

Cuban American Telephone and Telegraph
Company

By: _____
Howard Spierer
General Attorney

**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5938
Facsimile:  (212) 839-5599
Attorneys for AT&T Corp. and Cuban
American Telephone and Telegraph Company

By: _____
Lynn A. Dummett (LD-2717)

IT IS SO ORDERED:

May 6, 2008

_____
Honorable Victor Marrero
United States District Judge

NY1 6602360v.1

11



| SIDLEY AUSTIN LLP | BEIJING | GENEVA | SAN FRANCISCO |
|---|---|---|---|
| 787 SEVENTH AVENUE | BRUSSELS | HONG KONG | SHANGHAI |
| NEW YORK, NEW YORK 10019 | CHICAGO | LONDON | SINGAPORE |
| 212 839 5300 | DALLAS | LOS ANGELES | TOKYO |
| 212 839 5599 FAX | | NEW YORK | WASHINGTON, DC |

ldummett@sidley.com
(212) 839-5938                FOUNDED 1866



May 5, 2008

Honorable Victor Marrero
United States District Judge
United States District Court
  for the Southern District of New York
United States Courthouse
500 Pearl Street, Suite 660
New York, New York 10007

> Re:   Gary Anderson v. AT&T Corp., et al.
>        Case No. 07 Civ. 7974 (VM)

Dear Judge Marrero:

I respectfully submit the enclosed Stipulation of Agreement and [Proposed] Order entered into by and between plaintiff Gary Anderson, adverse claimant-respondent Ana Margarita Martinez, and garnishees AT&T Corp. and Cuban American Telephone and Telegraph Company. This Stipulation of Agreement, among other things, memorializes various agreements between the parties thereto in respect of certain issues presented by the above-captioned turnover proceeding. It is respectfully requested that Your Honor so-order the enclosed Stipulation of Agreement.

Respectfully submitted,

Lynn A. Dummett

cc:    Bryan T. West, Esq.

NY1 6628384v.1