UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

GARY ANDERSON, as the Personal
Representative of the Estate of Howard
Anderson,

    Plaintiff,

 - against -

AT&T CORP., CUBAN AMERICAN
TELEPHONE AND TELEGRAPH COMPANY,
and JPMORGAN CHASE BANK, N.A.,

    Garnishees.

------------------------------------------------------------- x

JPMORGAN CHASE BANK, N.A.,  07 Civ. 7974 (VM)

    Garnishee-Respondent and
    Third-Party Petitioner,

 - against -

GARY ANDERSON, as the Personal
Representative of the Estate of Howard
Anderson,

    Plaintiff-Petitioner and
    Adverse Claimant-
    Respondent,

 and

AT&T CORP., and CUBAN AMERICAN
TELEPHONE AND TELEGRAPH COMPANY,

    Garnishee-Respondents
    and Adverse Claimant-
    Respondents,

 and

ANA MARGARITA MARTINEZ,  :
:
        Adverse Claimant-  :
        Respondent,  :
:
and  :
:
THE REPUBLIC OF CUBA,  :
:
        Adverse Claimant-  :
        Respondent.  :
:
----------------------------------------------------------- x

## NOTICE OF SUIT AND AMENDED THIRD-PARTY PETITION

**PLEASE TAKE NOTICE** that upon the annexed Answer and Amended Third-Party Petition of JPMorgan Chase Bank, N.A. ("JPM Chase"), upon the answers to the Amended Third-Party Petition and any further pleadings herein, upon the Writ of Execution issued on the application of Adverse-Claimant Respondent Gary Anderson, and upon the Writ of Execution issued upon the application of Plaintiff and Adverse-Claimant Ana Margarita Martinez, both of whom are seeking to execute against tax revenues owed to the Republic of Cuba by AT&T Corp. and/or Cuban-American Telephone & Telegraph Company, an application will be made before the United States District Court for the Southern District of New York, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, on a date, and at a time and place to be set by the Court following the completion of service of the Answer and Amended Third-Party Petition herein, and upon the completion of the pleadings and motions thereupon, for an order pursuant to Rule 22 of the Federal Rules of Civil Procedure, Sections 5239 and 6221 of the New York Civil Practice Law and Rules (made applicable herein under Rule 69 of the Federal Rules of Civil Procedure), and Section 134 of the Banking Law, granting the relief set forth in detail in the Amended Third-Party Petition of JPMorgan Chase Bank, N.A.;

**PLEASE TAKE FURTHER NOTICE** THAT THE FAILURE TO SUBMIT A TIMELY ANSWER TO THE AMENDED THIRD-PARTY PETITION WITHIN SIXTY (60) DAYS AFTER RECEIPT COULD RESULT IN THE TURNOVER OR EXECUTION AGAINST FUNDS IN WHICH YOU MAY HAVE AN INTEREST IN ORDER TO SATISFY JUDGMENTS AGAINST THE REPUBLIC OF CUBA; AND

**PLEASE TAKE FURTHER NOTICE** THAT IN SUCH EVENT JPM CHASE WILL BE FULLY DISCHARGED AS TO ANY FURTHER OBLIGATION TO YOU IN RESPECT OF ANY FUNDS EXECUTED AGAINST.

Dated:   New York, New York
         April 10, 2008

DAVIS POLK & WARDWELL

By: _____
    James L. Kerr (JK-3900)
450 Lexington Avenue
New York, New York  10017
(212) 450-4552

Attorneys for Garnishee-Respondent and Third-Party
Petitioner JPMorgan Chase Bank, N.A.

**TO:**   Gary Anderson, as personal representative of the Estate of Howard Anderson

        c/o Joseph A. DeMaria, Esq.
        Bryan Thomas West, Esq.
        TEW CARDENAS LLP
        Four Seasons Tower
        1441 Brickell Avenue
        15th Floor
        Miami, Florida 33131-3407

Ana Margarita Martinez

        c/o Joseph A. DeMaria, Esq.
        Bryan Thomas West, Esq.
        TEW CARDENAS LLP
        Four Seasons Tower
        1441 Brickell Avenue
        15th Floor
        Miami, Florida 33131-3407

AT&T Corp.

        c/o Lynn A. Dummett, Esq.
        SIDLEY AUSTIN LLP
        787 Seventh Avenue
        New York, New York 10019

Cuban American Telephone & Telegraph Co.

        c/o Lynn A. Dummett, Esq.
        SIDLEY AUSTIN LLP
        787 Seventh Avenue
        New York, New York 10019

The Republic Of Cuba

        Ministerio de Relaciones Exteriores
        Atencion: Felipe Perez Roque, Ministro
        Calzada No. 360, Esquina G
        Vedado, La Habana, Cuba

TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
DISTRITO SUR DE NUEVA YORK

───────────────────────────────── x
GARY ANDERSON, en su calidad de             :
administrador del patrimonio de Howard Anderson, :
                                            :
       Actor,                               :
                                            :
   - contra -                              :
                                            :
AT&T CORP., CUBAN AMERICAN                  :
TELEPHONE AND TELEGRAPH COMPANY,            :
y JPMORGAN CHASE BANK, N.A.,                :
                                            :
       Depositarios de bienes               :
       embargados.                          :
                                            :
───────────────────────────────── x
JPMORGAN CHASE BANK, N.A.,                  :  07 Civ. 7974 (VM)
                                            :
       Depositario de bienes                :
       embargados-demandado y               :
       Tercero demandante,                  :
                                            :
   - contra -                              :
                                            :
GARY ANDERSON, en su calidad de             :
administrador del patrimonio de Howard Anderson, :
                                            :
       Actor demandante y                   :
       Tercero reclamante-                  :
       Demandado,                           :
                                            :
   - y -                                   :
                                            :
AT&T CORP., y CUBAN AMERICAN                :
TELEPHONE AND TELEGRAPH COMPANY,            :
                                            :
       Depositarios de bienes               :
       embargados-Demandados                :
       y Terceros reclamantes-              :
       Demandados                           :
                                            :
   - y -                                   :

ANA MARGARITA MARTINEZ,  :
: 
        Tercero reclamante- :
        Demandada :
:
:
    - y - :
:
LA REPÚBLICA DE CUBA, :
:
        Tercero reclamante- :
        Demandada :

------------------------------------------------- x

## NOTIFICACIÓN DE ACCIÓN Y DE PETICIÓN ENMENDADA DE INCORPORACIÓN DE UN TERCERO AL PROCESO

**SE LE NOTIFICA POR EL PRESENTE** que, conforme a respuesta y a la petición enmendada de incorporación de un tercero al proceso presentada por JPMorgan Chase Bank, N.A. ("JPM Chase"), a las contestaciones enmendadas a la Petición de incorporación de un tercero al proceso y cualquier otro escrito presentado en esta causa, al embargo ejecutivo emitido a solicitud de la tercero reclamante demandado Gary Anderson, y al embargo ejecutivo emitido a solicitud de la demandante Ana Margarita Martinez, quienes reclaman que se ejecute embargo contra ingresos tributarios debidos a la República de Cuba por AT&T Corp y/o Cuban-American Telephone & Telegraph Company, se presentará una solicitud ante el Tribunal de Distrito de los Estados Unidos para el Distrito Sur de Nueva York, sala 905 en el edificio de Tribunales de los Estados Unidos ubicado en 500 Pearl Street, Nueva York, Nueva York 10017, en la fecha y a la hora que determine el tribunal una vez efectuada la entrega de la notificación de la respuesta y petición enmendada de incorporación de un tercero al proceso adjunta, y después de presentarse cualesquier solicitud en relación a la presente causa, para que se dicte una orden en virtud de la Norma 22 de las Normas Federales de Procedimiento Civil, Artículos 5209 y 6204 de la Ley de Práctica Civil de Nueva York y las Normas (que se aplican al presente en virtud de la Norma 69 de las Normas Federales de Procedimiento Civil) y el Artículo 134 de la Ley Bancaria que

2

otorgue lo solicitado detalladamente en la Petición enmendada de incorporación de un tercero al proceso presentada por JPMorgan Chase Bank, N.A.;

**SE LE NOTIFICA ASIMISMO** QUE SI NO SE CONTESTA LA PETICIÓN ENMENDADA DE INCORPORACIÓN DE UN TERCERO AL PROCESO DENTRO DEL PLAZO DE SESENTA DÍAS TRAS HABERLA RECIBIDO, PODRÍAN TRANSFERIRSE O EMBARGARSE LOS FONDOS SOBRE LOS CUALES PUEDA TENER DERECHO A FIN DE SATISFACER LAS SENTENCIAS QUE SE DICTEN CONTRA LA REPÚBLICA DE CUBA; Y

**SE LE NOTIFICA ASIMISMO** QUE, EN TAL CASO, JPM CHASE QUEDARÁ TOTALMENTE LIBERADO DE CUALQUIER OTRA OBLIGACIÓN QUE TENGA CON USTED RESPECTO A LOS FONDOS EMBARGADOS.

Fecha:  Nueva York, Nueva York
        10 de avril de 2008

DAVIS POLK & WARDWELL

Firma: _____
        James L. Kerr (JK-3900)
450 Lexington Avenue
Nueva York, Nueva York 10017
(212) 450-4552

Abogados del Depositario de bienes embargados -
Demandado y Tercero demandante, JPMorgan Chase
Bank, N.A.

3

    **PARA:**    Gary Anderson, en su calidad de administrador del patrimonio de Howard Anderson

        c/o Joseph A. DeMaria, Esq.
        Bryan Thomas West, Esq.
        TEW CARDENAS LLP
        Four Seasons Tower
        1441 Brickell Avenue
        15th Floor
        Miami, Florida 33131-3407

    Ana Margarita Martinez

        c/o Joseph A. DeMaria, Esq.
        Bryan Thomas West, Esq.
        TEW CARDENAS LLP
        Four Seasons Tower
        1441 Brickell Avenue
        15th Floor
        Miami, Florida 33131-3407

    AT&T Corp.

        c/o Lynn A. Dummett, Esq.
        SIDLEY AUSTIN LLP
        787 Seventh Avenue
        New York, New York 10019

    Cuban American Telephone & Telegraph Co.

        c/o Lynn A. Dummett, Esq.
        SIDLEY AUSTIN LLP
        787 Seventh Avenue
        New York, New York 10019

    The Republic Of Cuba

        Ministerio de Relaciones Exteriores
        Atencion: Felipe Perez Roque, Ministro
        Calzada No. 360, Esquina G
        Vedado, La Habana, Cuba

## CERTIFICATION

This is to certify that I have reviewed the above document and found it to be an accurate and complete Spanish translation of the original English document.

Dated: April 11, 2008
  New York, New York

James Nolan, Esq., Attorney at Law
Senior United Nations Language Officer (Ret.)
Interpreter Examiner for the National Center
for State Courts

Sworn to before me this
___ day of April, 2008.

Notary Public

MARTHA MENDIBLE
Notary Public - State of Florida
My Commission Expires Nov 14, 2010
Commission # DD 604676
Bonded Through National Notary Assn.

# Foreign Sovereign Immunities Act

### (1976, amended in 1988)

1602. Findings and declaration of purpose.
1603. Definitions.
1604. Immunity of a foreign state from jurisdiction.
1605. General exceptions to the jurisdictional immunity of a foreign state.
1606. Extent of liability.
1607. Counterclaims.
1608. Service; time to answer default.
1609. Immunity from attachment and execution of property of a foreign state.
1610. Exceptions to the immunity from attachment or execution.
1611. Certain types of property immune from execution.

### 1602. Findings and declaration of purpose

he Congress finds that the determination by United States courts of the claims of foreign states to immunity from the irisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and tigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts isofar as their commercial activities are concerned, and their commercial property may be levied upon for the itisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states ) immunity should henceforth be decided by courts of the United States and of the States in conformity with the rinciples set forth in this chapter.

### 1603. Definitions

or purposes of this chapter --

1) A "foreign state", except as used in section 1608 of this title, includes a political subdivision of a foreign state or an gency or instrumentality of a foreign state as defined in subsection (b).

)) An "agency or instrumentality of a foreign state" means any entity --

    (1) which is a separate legal person, corporate or otherwise, and
    (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
    (3) which is neither a citizen of a State of the United States as defined in section 1332 (c) and (d) of this title, nor created under the laws of any third country.

:) The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United tates.

1) A "commercial activity" means either a regular course of commercial conduct or a particular commercial

insaction or act. The commercial character of an activity shall be determined by reference to the nature of the course conduct or particular transaction or act, rather than by reference to its purpose.

) A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by ich state and having substantial contact with the United States.

## 1604. Immunity of a foreign state from jurisdiction

ibject to existing international agreements to which the United States is a party at the time of enactment of this Act a reign state shall be immune from the jurisdiction of the courts of the United States and of the States except as ovided in sections 1605 to 1607 of this chapter.

## 1605. General exceptions to the jurisdictional immunity of a foreign state

) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case --

(1) in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;
(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;
(3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;
(4) in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;
(5) not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to --

> (A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or
> (B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; or

(6) in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607, or (D) paragraph (1) of this subsection is otherwise applicable.

) A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a

iit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien based upon a commercial activity of the foreign state: Provided, That --

> (1) notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and

> (2) notice to the foreign state of the commencement of suit as provided in section 1608 of this title is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

) Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and iall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it ippears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained. A decree gainst the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by e court, except that the court may not award judgment against the foreign state in an amount greater than the value of e vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served ider subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and aritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the me action brought to enforce a maritime lien as provided in this section (d). A foreign state shall not be immune from e jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in e Ship Mortgage Act, 1920 (46 U.S.C. 911 and following). Such action shall be brought, heard, and determined in cordance with the provisions of that Act and in accordance with the principles of law and rules of practice of suits in m, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been aintained.

**1606. Extent of liability**

s to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of is chapter, the foreign state shall be liable in the same manner and to the same extent as a private individual under ke circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive amages; if, however, in any case wherein death was caused, the law of the place where the action or omission curred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be able for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were curred by the persons for whose benefit the action was brought.

**1607. Counterclaims**

ι any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a :ate, the foreign state shall not be accorded immunity with respect to any counterclaim --

) for which a foreign state would not be entitled to immunity under section 1605 of this chapter had such claim been rought in a separate action against the foreign state; or

ι) arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

) to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by e foreign state.

**1608. Service; time to answer; default**

) Service in the courts of the United States and of the States shall be made upon a foreign state or political bdivision of a foreign state:

> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services - and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted. As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

) Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a reign state:

> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or
> (3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state --
>> (A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or
>> (B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or
>> (C) as directed by order of the court consistent with the law of the place where service is to be made.

) Service shall be deemed to have been made --

> (1) in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and
> (2) in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

) In any action brought in a court of the United States or of a State, a foreign state, apolitical subdivision thereof, or

agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint ithin sixty days after service has been made under this section.

) No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a litical subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign ate or political subdivision in the manner prescribed for service in this section.

### 1609. Immunity from attachment and execution of property of a foreign state

bject to existing international agreements to which the United States is a party at the time of enactment of this Act e property in the United States of a foreign state shall be immune from attachment arrest and execution except as ovided in sections 1610 and 1611 of this chapter.

### 1610. Exceptions to the immunity from attachment or execution

) The property in the United States of a foreign state, as defined in section 1603(a) of this chapter, used for a mmercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, on a judgment entered by a court of the United States or of a State after the effective date of this Act, if --

> (1) the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or
> (2) the property is or was used for the commercial activity upon which the claim is based, or
> (3) the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or
> (4) the execution relates to a judgment establishing rights in property --
>
>> (A) which is acquired by succession or gift, or
>> (B) which is immovable and situated in the United States: Provided, That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or
>
> (5) the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or
> (6) the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement.

) In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state gaged in commercial activity in the United States shall not be immune from attachment in aid of execution, or from ecution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if --

> (1) the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or
> (2) the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a)(2), (3), or (5), or 1605(b) of this chapter, regardless of whether the property is or was used for the activity upon which the claim is based.

) No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has

rdered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

1) The property of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if --

> (1) the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and
> (2) the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

:) The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d).

## 1611. Certain types of property immune from execution

1) Notwithstanding the provisions of section 1610 of this chapter, the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

)) Notwithstanding the provisions of section 1610 of this chapter, the property of a foreign state shall be immune from attachment and from execution, if --

> (1) the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or
> (2) the property is, or is intended to be, used in connection with a military activity and
>     (A) is of a military character, or
>     (B) is under the control of a military authority or defense agency.

RETURN

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                  : ss
COUNTY OF NEW YORK )

DONOVAN ANDERSON, being duly sworn, deposes and says:

I am over the age of 18 years, am not a party to this action and am employed by Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 and that on April 14, 2008, I served the foregoing Notice of Suit and also served the Answer to Petition for Turnover Proceeding and Amended Third-Party Petition, Summons in a Civil Case issued to Ministerio de Relaciones Exteriores Atencion: Felipe Perez Roque, Ministro, aforementioned documents were in English and Spanish with Certification from James Nolan, Esq. Spanish Translator, the Foreign Sovereign Immunities Act and two letters to Honorable Michael McMahon upon Cuban American Telephone & Telegraph Co. and AT&T Corp. by delivering a true copy of each by hand to Lynn A. Dummett, Esq. of Sidley & Austin LLP, 787 Seventh Avenue, New York NY 10019 attorneys for Cuban American Telephone & Telegraph Co. and AT&T Corp.

ALSO

I served the foregoing Notice of Suit, and also served the Answer to Petition for Turnover Proceeding and Amended Third-Party Petition, Summons in a Civil Case issued to Ministerio de Relaciones Exteriores Atencion: Felipe Perez Roque, Ministro, aforementioned documents were in English and Spanish with Certification from James Nolan, Esq. Spanish Translator, Foreign Sovereign Immunities Act and two letters to Honorable Michael McMahon upon Bryan Thomas West, Esq. c/o Joseph A. DeMaria of Tew Cardenas LLP located at Four Seasons Tower, 1441 Brickell Avenue, 15th Floor, Miami Florida 33131-3407, attorneys for Gary Anderson, as personal representative of the Estate of Howard Anderson and Ana Margarita Martinez, by enclosing a true copy of each in a post-paid, properly addressed wrapper and placing it in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
DONOVAN ANDERSON

Sworn to before me this
6th day of May, 2008.

_____
Notary Public

BRIDGET OSTROHIC
Notary Public, State of New York
No. 01OS6180853
Qualified in Queens County
Certificate Filed in New York County
Commission Expires Jan. 22, 2012

2