UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY ANDERSON, as the Personal
Representative of the Estate of Howard
Anderson,

                Plaintiff,

against

AT&T CORP., CUBAN AMERICAN
TELEPHONE AND TELEGRAPH
COMPANY, and JPMORGAN CHASE
BANK, N.A.,

                Garnishees.
_____/

Case Number: 07 Civ. 7974 (VM)

## GARY ANDERSON'S AND ANA MARGARITA MARTINEZ'S RULE 56.1 STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Gary Anderson, as the Personal Representative of the Estate of Howard Anderson, and Ana Margarita Martinez (hereinafter referenced jointly as "Petitioners") hereby submit this joint Rule 56.1 Statement in support of their Motion for Summary Judgment concerning the turnover of certain funds that have been deposited by AT&T Corp. ("AT&T") at JPMorgan Chase Bank, N.A. ("JPM Chase") relating to funds payable to the Republic of Cuba for tax liabilities.

1.      On February 2, 2005, the United States District Court for the Southern District of Florida issued a Final Default Judgment against the Republic of Cuba in favor of Dorothy Anderson McCarthy on behalf of the estate of Howard Anderson awarding compensatory damages in the amount of $67,000,000.00 for the extrajudicial killing of her husband, Howard Anderson (the "Anderson Judgment"). (West Declaration, ¶¶ 2-3.)[1]

---

[1] The Declaration of Bryan T. West is being filed simultaneously herewith.

2.      Gary Anderson ("Mr. Anderson"), the son of Dorothy Anderson McCarthy and Howard Anderson, is the Personal Representative of Howard Anderson's estate and is encharged with seeking recoveries pursuant to the Anderson Judgment. (West Declaration, ¶ 6.)[2]

3.      The Anderson Judgment was duly registered in the Southern District of New York in May 2005. (West Declaration, Exhibit A (Declaration of Joseph A. DeMaria, ¶ 5).)

4.      On August 22, 2005, the United States District Court for the Southern District of New York (Judge Laura Taylor Swain) issued an Order for Immediate Issuance of Writ of Execution based on the Anderson Judgment. (West Declaration, Exhibit A (Declaration of Joseph A. DeMaria, ¶ 6).)

5.      On September 2, 2005, for purposes of satisfying the Anderson Judgment, the United States Marshal served JPM Chase with a Writ of Execution. (West Declaration, Exhibit A (Declaration of Joseph A. DeMaria, ¶ 8).)

6.      Subsequently, on November 16, 2006, this Court ordered a turnover of funds held at JPM Chase for purposes of satisfying the Anderson Judgment. That ordered turnover is reflected in a reported decision: Weininger v. Castro, 462 F. Supp. 2d 457 (S.D.N.Y. 2006) (Marrero, J.).

7.      In Weininger, this Court concluded that the Anderson Judgment was entitled to treatment permitting execution under Section 201(a) of the federal Terrorism Risk Insurance Act (TRIA) in that the judgment is a judgment against a terrorist party based on a claim for which the terrorist party is not immune under Section 1605(a)(7) of Title 28, and the execution was sought against blocked assets for purposes of satisfying compensatory damages. See Weininger, 462 F. Supp. 2d at 479-81.

---

[2] Dorothy Anderson McCarthy, Mr. Anderson's mother, has passed away.

8.    Pursuant to the November 2006 turnover order, JPM Chase turned over $47,744,802.89 to the United States Marshal, in partial satisfaction of the Anderson Judgment. In excess of $23 million of the compensatory damages awarded, including accrued interest on the Anderson Judgment, remains unsatisfied. (West Declaration, ¶ 5.)

9.    Subsequent to the Weininger turnover, on or about December 21, 2006, Mr. Anderson caused to be served a Writ of Execution on AT&T through the U.S. Marshal. (West Declaration, ¶ 7.)

10.    In response to the service of the Writ of Execution, on September 4, 2007, counsel for AT&T and Cuban American Telephone and Telegraph Company ("CATT") sent a letter to the U.S. Marshal which stated that AT&T's wholly-owned subsidiary, CATT, has an accrued tax liability owed to the Republic of Cuba based on blocked funds held in two accounts at JPM Chase—the AT&T Long Lines Account and the Florida Land Sale Account which contain funds deposited by AT&T (the "Tax Funds"). According to the response, the amounts of accruing tax liabilities are attributable to the accumulated gross interest income applied to the funds in those accounts. (West Declaration, ¶ 8 and Exhibit D.)

11.    Mr. Anderson filed the present turnover action in light of the disclosure of the Tax Funds which were deposited by AT&T and which are owed by CATT to the Republic of Cuba. (See D.E. 1; West Declaration, ¶ 9.)

12.    Counsel for Mr. Anderson served the turnover petition on the Republic of Cuba by certified mail and DHL courier. (See D.E. 1; West Declaration, ¶ 10.)

13.    The Republic of Cuba has not filed a response to Mr. Anderson's turnover petition. (See Docket in the above-captioned case.)

3

14.    The present turnover petition satisfies Section 201(a) of TRIA:  the Anderson

Judgment is a judgment against a terrorist party based on a claim for which the terrorist party is not

immune under Section 1605(a)(7) of Title 28 (see Weininger, 462 F. Supp. 2d at 479-80); the Tax

Funds are blocked assets of the Republic of Cuba (see West Declaration, ¶ 8 ); and turnover is being

sought for purposes of satisfying compensatory damages (see D.E. 1).

15.    In response to Mr. Anderson's turnover petition, JPM Chase filed a Third-Party

Petition for interpleader to join "adverse claimants" or "adverse claimant-respondents" in this case,

including judgment creditor Ana Margarita Martinez ("Ms. Martinez").  (D.E. 21 at 8-9.)

16.    Ms. Martinez also has a judgment against the Republic of Cuba which is entitled to

treatment permitting execution against blocked assets of the Republic of Cuba pursuant to Section

201(a) of TRIA.  Ms. Martinez possesses a judgment for compensatory damages against a terrorist

party based on a claim for which the terrorist party is not immune under Section 1605(a)(7) of Title

28. (See West Declaration, ¶ 11 and the Complaint and Judgment referenced therein.)

17.    On December 7, 2007, this Court issued a Default Judgment in favor of Ms. Martinez

against the Republic of Cuba in the amount of $12,197,102.60 representing compensatory damages

and interest thereon. (West Declaration, ¶ 13 and Default Judgment referenced therein.)

18.    On January 25, 2008, Ms. Martinez filed a motion for issuance of a writ of execution,

a copy of which was served on the Republic of Cuba.  After this Court authorized the issuance of

a Writ of Execution upon a finding that a reasonable time had passed pursuant to 28 U.S.C. §

1610(c), the Clerk of the Court issued a Writ of Execution on February 26, 2008. (West Declaration,

¶ 14 and documents referenced therein.)

19.    On March 13, 2008, the U.S. Marshal served each of AT&T and JPM Chase with a

4

copy of the Martinez Writ of Execution. (West Declaration, ¶ 13 and Process Receipt and Return forms referenced therein.)

20.    In response to the service of the Martinez Writ of Execution, counsel for AT&T responded with a letter to the U.S. Marshal which identified the Tax Funds. (West Declaration, ¶ 17.)

21.    On June 9, 2008, this Court issued an order extending the levies under the Martinez Writ until October 14, 2008. (West Declaration, ¶ 19.)

22.    The Republic of Cuba has not responded to Ms. Martinez's counsel in response to any of the legal documents that Ms. Martinez's counsel has served upon the Republic of Cuba. (West Declaration, ¶ 20.)

23.    JPM Chase served the Republic of Cuba with a Notice of Suit indicating that Mr. Anderson and Ms. Martinez are seeking execution against funds held at JPM Chase (D.E. 38, 39, 42), and the Republic of Cuba has not responded to JPM Chase's Notice of Suit (see Docket in above-captioned case).

**TEW CARDENAS LLP**

By: s/Bryan T. West__
Joseph A. DeMaria  (JD 5668)
jad@tewlaw.com
Bryan T. West (BW 8739)
btw@tewlaw.com
1441 Brickell Avenue, 15th Floor
Miami, Florida 33131
Phone: 305 536-1112
Fax: 305-536-1116
*Counsel for Ana Margarita Martinez and Gary Anderson, as the Personal Representative of the Estate of Howard Anderson*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 21st day

of August, 2008, on the following:


**VIA ECF**:

James L. Kerr, Esq.
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
*Counsel for JPMorgan Chase*

Lynn A. Dummett, Esq.
SIDLEY AUSTIN
787 Seventh Avenue
New York, NY 10019
*Counsel for AT&T Corp. and Cuban American Telephone and Telegraph Co.*

**VIA DHL:**

REPUBLIC OF CUBA
Minister of Foreign Relations
Felipe Perez Roque
Calzada No. 360, Esquina AG
Vedado, Havana, Cuba



s/Bryan T. West


@PFDesktop\::ODMA/MHODMA/DMS_NT;Miami;511359;1

6