UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY ANDERSON, as the Personal Representative of the Estate of Howard Anderson,

        Plaintiff,

against

AT&T CORP., CUBAN AMERICAN TELEPHONE AND TELEGRAPH COMPANY, and JPMORGAN CHASE BANK, N.A.,

        Garnishees.
_____/

Case Number: 07 Civ. 7974 (VM)

## DECLARATION OF BRYAN T. WEST IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY GARY ANDERSON AND ANA MARGARITA MARTINEZ

BRYAN T. WEST, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an attorney admitted to practice before this Court (BW-8739). I am a partner with the law firm of Tew Cardenas LLP, which has been retained by Gary Anderson and Ana Margarita Martinez in connection with their efforts to enforce judgments against property of the Republic of Cuba and its agencies and instrumentalities.

**Gary Anderson**

2. Mr. Anderson, as the Personal Representative of the Estate of Howard Anderson, is the Plaintiff in the above-captioned case. This action is based on a judgment obtained in the United

States District Court for the Southern District of Florida (Case. No. 04-21153-CIV-KING/O'SULLIVAN) by Mr. Anderson's mother, Dorothy Anderson McCarthy, to enforce a state court judgment entered against the Republic of Cuba, pursuant to the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 *et seq.*, which awarded compensatory damages in the amount of $67,000,000 based upon the extrajudicial torture and killing of Mr. Anderson's father, Howard Anderson, by the Republic of Cuba.

3. On February 2, 2005, the United States District Court for the Southern District of Florida issued a Final Default Judgment in the amount of $67,000,000 (the "Anderson Judgment"). On May 26, 2005, the Judgment was properly registered with the United States District Court for the Southern District of New York as Dorothy Anderson McCarthy v. The Republic of Cuba, 18 MS 0302 (Transcript of Registered Judgment No. 05-1005), which was subsequently consolidated before this Court under Case No. 05 CV 7214 (VM), which is a case that was brought by judgment creditor Janet Weininger against the Republic of Cuba and other Cuban persons and entities (the "Weininger Case").

4. Attached hereto as Exhibit A is the Declaration of Joseph A. DeMaria dated February 6, 2006, which was filed in the consolidated Weininger Case and which details the compliance with the Foreign Sovereign Immunities Act indicating, *inter alia*, the service of the Anderson Judgment on the Republic of Cuba and the service of a Writ of Execution by the U.S. Marshal for the Southern District of New York on JPMorgan Chase Bank, N.A. ("JPM Chase").

5. On November 17, 2006, this Court entered a final Decision and Order in the Weininger Case, granting a petition for turnover of funds against garnishees JPM Chase and Rabinowitz, Boudin, Standard, Krinsky, & Lieberman, P.C. See Weininger v. Castro, 462 F. Supp.

2d 457 (S.D.N.Y. 2006). (A copy of the turnover petition from that case is attached as Exhibit B.) Pursuant to that Order, JPM Chase turned over $47,744,802.89 to the United States Marshal, in partial satisfaction of the Anderson Judgment. In excess of $23 million of the compensatory damages awarded, including accrued interest on the Anderson Judgment, remains unsatisfied.

6. Dorothy Anderson McCarthy died in late 2006, and the Circuit Court in and for Miami-Dade County, Florida appointed Mr. Anderson as the Personal Representative of the Estate of Howard Anderson. As the Personal Representative of the Estate of Howard Anderson, Mr. Anderson seeks recoveries to satisfy the outstanding portion of the Anderson Judgment.

7. On or about December 21, 2006, the U.S. Marshal for the Southern District of New York served a Writ of Execution based on the Anderson Judgment on AT&T Corp. ("AT&T"). (A copy of the Process Receipt and Return is attached hereto as Exhibit C.) This Court extended the levy under the writ on several occasions prior to the filing of the present turnover action. (See D.E. 176, 177 from Case No. 05 CV 7214 (VM).)

8. In response to the service of the Writ of Execution, on September 4, 2007, counsel for AT&T and Cuban American Telephone and Telegraph Company ("CATT") sent a letter to the U.S. Marshal. (A copy of the letter is attached hereto as Exhibit D.) The letter stated that AT&T's wholly-owned subsidiary, CATT, has an accrued tax liability owed to the Republic of Cuba based on blocked funds held in two accounts at JPM Chase— the AT&T Long Lines Account and the Florida Land Sale Account which contain funds deposited by AT&T (the "Tax Funds"). According to the response, the amounts of accruing tax liabilities are attributable to the accumulated gross interest income applied to the funds in those accounts.

9. Mr. Anderson filed this action in light of the disclosure of the existence of the Tax

Funds which were deposited by AT&T and which are owed by CATT to the Republic of Cuba.

10. Counsel for Mr. Anderson served the turnover petition on the Republic of Cuba by certified mail and DHL courier (see D.E. 1; Exhibit E).[1] Mr. Anderson's counsel has not received a response from the Republic of Cuba, and this Court's docket does not reflect a response by the Republic of Cuba.

**Ana Margarita Martinez**

11. On July 23, 2007, Ms. Martinez, seeking the benefits of the Full Faith and Credit clause of Article IV, § 1 of the United States Constitution, as implemented by 28 U.S.C. § 1738, filed an action in this Court based on a Florida state court judgment that she previously obtained against the Republic of Cuba based on a finding that Cuba was not immune from jurisdiction and therefore was liable to Ms. Martinez as a victim of a systematic and intentional torture inflicted upon her by an agent of the Cuban government pursuant to 28 U.S.C. § 1605(a)(7). The action is styled Ana Margarita Martinez v. The Republic of Cuba, Case No. 07 CV 6607 (VM), United States District Court for the Southern District of New York. (A copy of Ms. Martinez's Complaint, which incorporates a certified copy of the Florida judgment, is at D.E. 1 of Case No. 07 CV 6607 (VM).)

12. On December 5, 2007, the Clerk of the Court issued a Clerk's Certificate in which the Clerk certified that the Republic of Cuba was served with a summons and complaint and that proof of service was filed on August 24, 2007. (A copy of the Clerk's Certificate is attached as Exhibit F.)

13. On December 7, 2007, this Court issued a Default Judgment in favor of Ms. Martinez

---

[1] Mr. Anderson's counsel served the Republic of Cuba twice by DHL— once before the Clerk of Court stamped the turnover petition with a case number and once after the Clerk of Court stamped the turnover petition with the case number in the present case.

against the Republic of Cuba in the amount of $12,197,102.60 representing compensatory damages and interest thereon. (See D.E. 16 of Case No. 07 CV 6607 (VM).)

14. On January 25, 2008, after her counsel served the Republic of Cuba with her federal judgment, Ms. Martinez filed a motion for issuance of a writ of execution, a copy of which was served on the Republic of Cuba. (See D.E. 22, 23 of Case No. 07 CV 6607 (VM).) After this Court authorized the issuance of a writ of execution upon a finding that a reasonable time had passed following entry of judgment and notice to the Republic of Cuba pursuant to 28 U.S.C. § 1610(c) (D.E. 27 of Case No. 07 CV 6607 (VM)), the Clerk of the Court issued a Writ of Execution on February 26, 2008. (See Docket Sheet for Case No. 07 CV 6607 (VM).)

15. On January 25, 2008, Ms. Martinez's counsel served a Notice to Debtor to the Republic of Cuba. (See D.E. 24 of Case No. 07 CV 6607 (VM).)

16. On March 13, 2008, the U.S. Marshal served each of AT&T and JPM Chase with a copy of the Martinez Writ of Execution. (The Process Receipt and Return forms are attached hereto as Exhibit G.)

17. In response to the service of the Martinez Writ of Execution, counsel for AT&T responded with a letter to the U.S. Marshal which identified the Tax Funds. (A copy of the letter is attached hereto as Exhibit H.)

18. In response to the service of the Martinez Writ of Execution, JPM Chase wrote a letter to the United States Marshal stating "NO DEPOSIT ACCOUNTS LOCATED." (A copy of the letter is attached hereto as Exhibit I.)

19. On June 9, 2008, this Court issued an order extending the levies under the Martinez Writ until October 14, 2008. (D.E. 34 of Case No. 07 CV 6607 (VM).)

5

20. The Republic of Cuba has not responded to Ms. Martinez's counsel in response to any of the legal documents that Ms. Martinez's counsel has served upon the Republic of Cuba.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 21, 2008.

_____
Bryan T. West

@PFDesktop\::ODMA/MHODMA/DMS_NT;Miami;511471;1