TRIBUNAL FEDERAL DE DISTRITO
DISTRITO SUR DE FLORIDA
DIVISIÓN MIAMI

por [iniciales] ____ T.D.

2 de febrero del 2005

Clarence Maddox
Sec. del Trib. Fed. de Distrito
Dist. Sur de la Florida - Miami

DOROTHY ANDERSON McCARTHY,
en representación personal de la
Sucesión de Howard Anderson

EXPEDIENTE N°. 04-21153-CIV-KING

Actora

c.

LA REPÚBLICA DE CUBA

Demandada.

_____/

## SENTENCIA DEFINITIVA DICTADA EN REBELDÍA DE LA DEMANDADA

Y VISTOS: Estos autos promovidos para dictar sentencia, y atento la petición de sentencia definitiva en rebeldía de la Demandada interpuesta por la Actora el 27 de enero del 2005.

## I. ANTECEDENTES DE LO ACTUADO EN LA CAUSA

El 27 de mayo del 2004, la Actora dedujo la demanda en conformidad con la ley de Inmunidad de Soberanía Extranjera, contemplada en el 28 U.S.C. § 1602 et. seq. La única pretensión es la ejecución de una sentencia emanada del tribunal estatal en favor de la Actora, por el cobro de una deuda en contra de la Demandada por la suma de 67 millones de dólares estadounidenses, dictada por el Tribunal de Primera Instancia de Circuito del Circuito Judicial Undécimo con asiento y jurisdicción en el Condado de Miami-Dade, Florida, el 17 de abril del 2003, en los autos caratulados Dorothy Anderson McCarthy c. The Republic of Cuba, Expediente N.°. 01- 28628 CA 04. La sentencia se dictó como consecuencia de la tortura y ejecución sin el debido proceso judicial del difunto marido de la Actora, Howard Anderson, por la República de Cuba.

El 4 de enero del 2005, la Actora presentó al Tribunal una petición de que se dictara sentencia en rebeldía de la Demandada. Conforme a la petición, el 27 de mayo del 2004, o alrededor de esa fecha, se notificó la demanda y se citó a la Demandada por correo certificado en conformidad con el 28 U.S.C. § 1608(a)(3), a través del Ministerio de Relaciones Exteriores de la República de Cuba. Habiendo transcurrido treinta (30) días sin recibir contestación alguna de la Demandada, el 22 de julio del 2004, o alrededor de esa fecha, la Actora trató de notificar y citar a la Demandada enviando la documentación a través del Ministerio de Relaciones Exteriores de EE.UU. en conformidad con el 28 U.S.C. § 1608(a)(4). El 22 de noviembre del 2004, la Actora recibió una notificación del Ministerio de Relaciones Exteriores de EE.UU., en la que se le informaba que había enviado la citación a la República de Cuba a través de la Sección de Intereses de los EE.UU. en la Embajada Suiza de La Habana. El 11 de enero del 2005, sin haber recibido contestación alguna de la Demandada, la Secretaría del Tribunal declaró a la Demandada en rebeldía en la causa caratulada previamente.

El 20 de enero del 2005, en virtud de la responsabilidad del Tribunal de confirmar que la Actora tiene derecho a la reparación del daño que persigue, responsabilidad que emana de la Norma 55 del Compendio de Normas Federales de Proceso Civil, el Tribunal ordenó a la Actora que presentara los fundamentos legales para abrir una <u>nueva</u> causa en el tribunal federal sobre la base de la sentencia dictada por el tribunal estatal en lugar de proceder simplemente a registrar la sentencia dictada. El 27 de enero del 2005, la actora presentó la réplica, en la que dejó sentada la existencia de competencia y jurisdicción conforme a la Ley de Inmunidad de Soberanía Extranjera [FSIA, por sus siglas en inglés], y alegó que están satisfechos todos los elementos exigidos para el cobro de la deuda, en otras palabras, la sentencia y la prueba de que lo ordenado en la sentencia no se cumplió.

## II. ANÁLISIS DE LO ACTUADO

Para sentar el derecho a que se dicte sentencia en rebeldía en conformidad con la Ley de Inmunidad de Soberanía Extranjera, "el actor debe establecer su derecho a la reparación del daño presentando prueba satisfactoria de cada elemento de la demanda sobre el que funda la pretensión". Compañía Interamericana Export – Import S.A. v. Compañía Dominicana de Aviación, 88 F. 3d 948, 951 (11th Cir. 1996). En la presente causa, la demanda de la Actora contiene sólo una pretensión, la ejecución de una sentencia por el cobro de una deuda, que exige que la Actora presente prueba de que (1) se dictó sentencia y aún está pendiente de cumplimiento, y (2) la Demandada no pagó lo ordenado en la sentencia. Ver Crane v. Nuta, 26 So. 2d 670, 671-72 (Fla. 1946).

La Actora presentó prueba de la sentencia pendiente de cumplimiento mediante la copia de la Sentencia Definitiva dictada por el Tribunal de Primera Instancia de Circuito del Circuito Judicial Undécimo con asiento y jurisdicción en el Condado de Miami-Dade, en los autos "Dorothy Anderson McCarthy c. The Republic of Cuba", Expediente N.º. 01-28628 CA 04. (La demanda está identificada como Prueba A). La Ley de Plena Fe y Crédito [*Full Faith and Credit Act*] que merecen los actos jurídicos, conforme al 28 U.S.C. § 1738, dispone lo siguiente:

> Los registros y procedimientos judiciales de los tribunales de los estados, territorios o las soberanías territoriales y sus copias deben ser admitidos en otros tribunales de los Estados Unidos y sus territorios y soberanías territoriales *con la sola firma del secretario del tribunal y el sello oficial, si el tribunal lo tuviere, y el certificado del juez del tribunal de que tal firma cumple con las formalidades exigidas.*

(la bastardilla pertenece al autor de este documento). Asimismo, la Norma 44 (a)(1) del Compendio de Normas Federales de Proceso Civil dispone lo siguiente:

> Los registros oficiales que pertenecen a EE.UU. o a uno de los estados,... una vez declarada su admisibilidad para cualquier propósito, se pueden probar mediante su

publicación oficial o por una copia certificada por el
funcionario a cargo del registro, o el funcionario delegado a
cargo del registro, acompañada de un certificado del cargo
del funcionario. El certificado puede emanar del juez de un
tribunal que lleva registro de sus actuaciones [*court of
record*] del distrito o la subdivisión política donde está
radicada la causa, legalizado mediante el sello oficial del
tribunal, o puede ser extendido por un funcionario público
que tenga sello oficial y ocupe un cargo oficial en el distrito
o la subdivisión política donde está radicada la causa,
legalizado mediante el sello oficial de la oficina del
funcionario.

Ver, por ejemplo, AMFAC Distrib. Corp. v. Harrelson, 842 F. 2d 304
(11th Cir. 1988); Hazen Research, Inc. v. Omega Minerals, Inc., 497 F.
3d 151 (5th Cir. 1974). Dado que la Sentencia Definitiva presentada en
este tribunal fue ratificada por el Juez de Primera Instancia de Circuito
del Condado de Miami-Dade y el Secretario del Tribunal de Primera
Instancia de Circuito del Condado de Miami-Dade y lleva el sello oficial
del condado de Miami-Dade, en conformidad con la Ley de Plena Fe y
Crédito que merecen los actos jurídicos y la Norma 44 (a)(1), este
Tribunal falla decretando que el Tribunal de Primera Instancia de
Circuito del Condado de Miami-Dade dictó sentencia definitiva a favor
de la Actora contra la República de Cuba por la suma de 67 millones de
dólares estadounidenses como consecuencia de la tortura y ejecución
sin el debido proceso judicial de Howard Anderson.

Asimismo, la Actora presentó prueba—una declaración testimonial
prestada bajo juramento—de que la República de Cuba no cumplió
ningún punto de la sentencia definitiva y la suma total ordenada en ella
no fue pagada. (Declaración de Dorothy Anderson McCarthy). Queda
sobreentendido que, visto el incumplimiento de la sentencia por la
República de Cuba, los hechos expuestos y las pruebas presentadas por
la Actora son irrefutables. En consecuencia, este Tribunal falla
decretando el incumplimiento total de la sentencia definitiva dictada a
favor de la Actora. Ver Alejandre v. The Republic of Cuba, 996 F. Supp.
1239 (S.D. Fla. 1997) (King, J.) ("Dado que Cuba no presentó ninguna

excepción, el Tribunal acepta como verdaderos los hechos expuestos por la Actora, que no fueron controvertidos").

## III. CONCLUSIÓN

Por ello, habiendo examinado profundamente lo actuado en esta causa y habiendo tomado total conocimiento de ella, el Tribunal FALLA y DECRETA ordenando que se pronuncie sentencia a favor de la Actora, Dorothy Anderson McCarthy, en representación personal de la Sucesión de Howard Frederick Anderson, y en contra de la Demandada, la República de Cuba, por el pago de la suma de 67 millones de dólares estadounidenses.

DICTADA en la sala del despacho de James Lawrence King, Palacio de Justicia Federal de EE.UU. Miami, Florida, el 2 de febrero del 2005.

           ___[firma ilegible]_____
           JAMES LAWRENCE KING
           JUEZ DEL TRIBUNAL FEDERAL DE DISTRITO
           DISTRITO SUR DE LA FLORIDA

cc.   *__Patrocinante de la Actora__*
     Joseph A. DeMaria, abogado
     Bryan Thomas West, abogado
     TEW CARDENAS LLP
     Four Seasons Tower
     1441 Brickell Avenue
     15th Floor
     Miami, Florida 33131-3407
     Fax: (305) 536-1116

     *__Demandada__*
     La República de Cuba
     Notificada por intermedio del Ministro de Relaciones Exteriores
     Felipe Perez Roque
     Calzada Nº 360, Esquina AG
     Vedado, La Habana, Cuba

## CERTIFICATE OF TRANSLATION

**UNITED STATES OF AMERICA )**
**STATE OF FLORIDA                )**
**MIAMI-DADE COUNTY          )**


     I, **ADRIANA SCHAKED**, the undersigned, hereby swear that I am fluent in both **SPANISH AND ENGLISH** and that I am qualified to translate from **ENGLISH TO SPANISH. I** hereby certify that the foregoing document(s) consisting of *five* page(s) is/are a true and correct Spanish translation to the best of my ability of the attached English that was provided to me.

                                                     **ADRIANA SCHAKED**
                                                     **P.O. Box 630635**
                                                   **North Miami, FL 33163**

**BEFORE ME, A NOTARY PUBLIC IN AND FOR THE STATE OF FLORIDA AT LARGE, PERSONALLY APPEARS ADRIANA SCHAKED, WHO AFTER BEING DULY SWORN, DEPOSES AND SAYS THAT SHE IS FULLY VERSED IN THE ENGLISH AND THE SPANISH LANGUAGES, AND THAT THIS/THESE IS/ARE A TRUE AND CORRECT TRANSLATION OF THE ATTACHED DOCUMENT(S).**

SWORN TO AND SUBSCRIBED THIS _10th_ DAY OF _February_ , A.D., 2005

ANDREW REICH
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # DD032304
EXPIRES 8/7/2005
BONDED THRU 1-888-NOTARY1

                                            **NOTARY PUBLIC STATE OF FLORIDA**
                                                      **AT LARGE**


**MY COMMISSION EXPIRES:**


The utmost care has been taken to ensure the accuracy of the translation. Adriana Schaked Translations LLC nor the translator shall be liable for any damages due to negligence or error in typing or translating.

# EXHIBIT "D"



**TEW · CARDENAS** LLP
A T T O R N E Y S    A T    L A W
MIAMI · TALLAHASSEE · WASHINGTON DC

FOUR SEASONS TOWER
15TH FLOOR
1441 BRICKELL AVENUE
MIAMI, FLORIDA 33131-3407
T 305.536.1112
F 305.536.1116
WWW.TEWLAW.COM

March 16, 2005

***Via Certified Mail*** (through Clerk of the United States District Court)

Edward A. Betancourt
Director of Special Consular Services
U.S. Department of State
2100 Pennsylvania Ave., NW
4FL (SA-29)
Washington, DC 20520

> *Re:*    **Dorothy Anderson McCarthy vs. Republic of Cuba**
> **Case No. 04-21153-CIV-King/O'Sullivan**

Dear Mr. Betancourt:

Pursuant to 28 U.S.C. §§1608(e) and 1608(a)(4), please find enclosed two original copies and two translations of the Final Default Judgment entered in the above matter on February 2, 2005. All of the prerequisites to service of the Default Judgment pursuant to §1608(a)(4) have been met, service having already been attempted as provided under §1608(a)(3).

Therefore, upon receipt of this correspondence, we ask that you transmit one (1) copy of the enclosed papers through diplomatic channels to the Republic of Cuba, and send to the clerk of the court for the Southern District of Florida a certified copy of the diplomatic note reflecting when the papers were transmitted, pursuant to 28 U.S.C. §1608(a)(4).

Please feel free to contact me or Bryan West in the Miami Office at (305) 536-1112 or Ambassador Dennis K. Hays in the Washington Office at (202) 974-1396, should you have any questions.

Sincerely,

Joseph A. DeMaria
Bryan T. West
(Miami Office)

Ambassador Dennis K. Hays
(Washington Office)

Enclosure

@PFDesktop\::ODMA\MHODMA\DMS_NT;MIAMI;429790,1

CLERK: Please Date Stamp
and Return

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 04-21153-CIV-KING/O'SULLIVAN



DOROTHY ANDERSON McCARTHY,
as Personal Representative of the estate of
Howard Anderson

   Plaintiff,

vs.

THE REPUBLIC OF CUBA

   Defendant.

_____/

## PLAINTIFF'S NOTICE OF DEFAULT JUDGMENT

**TO:**     **THE REPUBLIC OF CUBA**
       Felipe Perez Roque
       Minister of Foreign Relations
       Calzada No. 360, Esquina AG
       Vedado, Havana, Cuba

**THROUGH:**   **U.S. DEPARTMENT OF STATE**
       Edward A. Betancourt
       Director of Special Consular Services
       2100 Pennsylvania Ave., NW
       4FL (SA-29)
       Washington, DC 20520

   The Plaintiff, DOROTHY ANDERSON McCARTHY, as Personal Representative of the

Estate of Howard Anderson (hereinafter "Plaintiff"), pursuant to 28 U.S.C. §1608(a), hereby gives

notice that the United States District Court for the Southern District of Florida entered Final Default

Judgment against the Republic of Cuba in the above-captioned matter on February 2, 2005. A copy

of the Final Default Judgment is attached hereto at Exhibit "A".

Respectfully submitted,

**TEW CARDENAS, LLP**
Co-counsel for Plaintiff
1441 Brickell Avenue
Four Seasons Tower, 15th Floor
Miami, Florida 33131
Phone: (305) 536-1112
Fax:    (305) 536-1116

By: *Bryan T. West*

Joseph A. DeMaria
Fla. Bar No. 0764711
**Bryan T. West**
Fla. Bar No. 0083526

#429797v1<MIAMI> -Notice of Default Judgment

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Reciept Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To    Edward A. Betancourt
           Director of Special Consular Services
Street, Apt. No.;   U.S. Department of State
or PO Box No.    2100 Pennsylvania Ave., NW
City, State, ZIP+4    4FL (SA-29)
           Washington, DC  20520

PS Form 3800, June 2002          See Reverse for Instructions

2

D. By [illegible] D.C.

FEB 02 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

DOROTHY ANDERSON McCARTHY,      CASE NO. 04-21153-CIV-KING
as Personal Representative
of the estate of Howard
Anderson,

     Plaintiff,

vs.

THE REPUBLIC OF CUBA,

     Defendant.

_____/

## FINAL DEFAULT JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's Motion for Final Default Judgment, filed January 27, 2005.

### I.  PROCEDURAL BACKGROUND

On May 27, 2004, Plaintiff filed her Complaint pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq. The Complaint's sole count is an action of debt on a state court judgment entered on April 17, 2003, for the Plaintiff in the amount of sixty-seven ($67) million dollars. The judgment was entered by the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County in Dorothy Anderson McCarthy v. The Republic of Cuba, Case No. 01-28628 CA 04. The state court judgment arose from the extrajudicial torture and killing of Plaintiff's late husband, Howard Anderson, by The Republic of Cuba.

On January 4, 2005, Plaintiff filed an application with the

EXHIBIT

"A"

Clerk of Court to enter default against Defendant.  According to the application, on or about May 27, 2004, process was served on Defendant by registered mail, pursuant to 28 U.S.C. § 1608(a)(3), sent to the Minister of Foreign Relations of The Republic of Cuba.  After more than thirty (30) days had passed with no answer, on or about July 22, 2004, Plaintiff attempted to serve process on Defendant by sending the documents to the United States Department of State pursuant to 28 U.S.C. § 1608(a)(4). On November 22, 2004, Plaintiff received notice from the Department of State that it served The Republic of Cuba through the U.S. Interests Section of the Embassy of Switzerland in Havana.  On January 11, 2005, with no answer from Defendant, the Clerk of Court entered the Defendant's default in the above-styled case.

On January 20, 2005, pursuant to the Court's responsibility under Rule 55 of the Federal Rules of Civil Procedure to ensure that Plaintiff is entitled to the relief sought, the Court ordered Plaintiff to provide the legal basis for filing a new lawsuit in federal court based on a state court judgment, rather than simply registering a record of the judgment.  On January 27, 2005, Plaintiff filed her responsive brief, which argues that jurisdiction exists under the FSIA and she has satisfied the elements of an action on a debt; namely, a judgment and proof the judgment has not been satisfied.

2

## II. **DISCUSSION**

To establish a right a default judgment under the FSIA, a
plaintiff is required "to establish entitlement to relief by
providing satisfactory evidence as to each element of the claims
upon which relief was sought." <u>Compania Interamericana Export-
Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951
(11th Cir. 1996). In the instant case, Plaintiff's Complaint has
one count, an action upon a judgment, which requires that
Plaintiff prove (1) there is an outstanding judgment and (2) that
the defendant has not paid the judgment. <u>See</u> <u>Crane v. Nuta</u>, 26
So. 2d 670, 671-72 (Fla. 1946).

Plaintiff has submitted evidence of an outstanding judgment
by filing a copy of the Final Judgment of the Circuit Court of
the Eleventh Judicial Circuit in and for Miami-Dade County in the
case of <u>Dorothy Anderson McCarthy v. The Republic of Cuba</u>, Case
No. 01-28628 CA 04. (Complaint at Exh. A.) The Full Faith and
Credit Act, 28 U.S.C. § 1738, provides that:

> The records and judicial proceedings of any court of
> any such State, Territory or Possession, or copies
> thereof, shall be proved or admitted in other courts
> within the United States and its Territories and
> possessions *by the attestation of the clerk and seal of
> the court annexed,* if a seal exists, *together with a
> certificate of a judge of the court that the said
> attestation is in proper form.*

(emphasis added). Further, Rule 44(a)(1) of the Federal Rules of
civil procedure provides that:

> An official record kept within the United States, or

3

any state, . . . when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by the officer's deputy, and accompanied by a certificate that such officer has the custody.  The certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of the officer's office.

See, e.g., AMFAC Distrib. Corp. v. Harrelson, 842 F.2d 304 (11th Cir. 1988); Hazen Research, Inc. v. Omega Minerals, Inc., 497 F.3d 151 (5th Cir. 1974).  Because the Final Judgment filed with this Court was certified by the Miami-Dade Circuit Court judge, certified by the Miami-Dade Clerk of Court, and the Miami-Dade seal is affixed, under the Full Faith and Credit Act and Rule 44(a)(1), this Court finds that Plaintiff obtained a final judgment from the Miami-Dade Circuit Court against The Republic of Cuba in the amount $67 million, based on the extrajudicial torture and killing of Howard Anderson.

Plaintiff has also submitted evidence, namely affidavit testimony, that The Republic of Cuba has failed to satisfy any part of the final judgment, and the entire amount of the judgment remains outstanding.  (Declaration of Dorothy Anderson McCarthy.) Of course, as The Republic of Cuba has defaulted, Plaintiff's assertions and evidence are unrebutted.  Accordingly, the Court finds that Plaintiff's final judgment, in its entirety, is

4

unsatisfied. <u>See Alejandre v. The Republic of Cuba</u>, 996 F. Supp 1239 (S.D. Fla. 1997) (King, J.) ("Because Cuba has presented no defense, the Court will accept as true Plaintiffs' uncontroverted factual allegations.").

### III.   CONCLUSION

Accordingly, after a careful review of the record, and the court being otherwise fully advised, it is ORDERED and ADJUDGED that judgment is hereby granted on behalf of Plaintiff, Dorothy Anderson McCarthy, as the Personal Representative of the Estate of Howard Frederick Anderson, and against the Defendant, The Republic of Cuba, in the amount of sixty-seven ($67) million dollars.

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 2nd day of February, 2005.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA


cc:   ***Counsel for Plaintiff***
      Joseph A. DeMaria, Esq.
      Bryan Thomas West, Esq.
      TEW CARDENAS LLP
      Four Seasons Tower
      1441 Brickell Avenue
      15th Floor
      Miami, Florida 33131-3407
      Facsimile: (305) 536-1116

5

**Defendant**
The Republic of Cuba
By serving the Minister of Foreign Relations
Felipe Perez Roque
Calzada No. 360, Esquina AG
Vedado, Havana, Cuba

6

TRIBUNAL FEDERAL DE DISTRITO
DISTRITO SUR DE FLORIDA
DIVISIÓN MIAMI

| por [iniciales]      T.D. |
| :--- |
| **2 de febrero del 2005** |
| Clarence Maddox |
| Sec. del Trib. Fed. de Distrito |
| Dist. Sur de la Florida - Miami |

DOROTHY ANDERSON McCARTHY,          EXPEDIENTE Nº. 04-21153-CIV-KING
en representación personal de la
Sucesión de Howard Anderson

Actora

c.

LA REPÚBLICA DE CUBA

Demandada.

_____/

## SENTENCIA DEFINITIVA DICTADA EN REBELDÍA DE LA DEMANDADA

Y VISTOS: Estos autos promovidos para dictar sentencia, y atento la
petición de sentencia definitiva en rebeldía de la Demandada
interpuesta por la Actora el 27 de enero del 2005.

## I. ANTECEDENTES DE LO ACTUADO EN LA CAUSA

El 27 de mayo del 2004, la Actora dedujo la demanda en conformidad
con la ley de Inmunidad de Soberanía Extranjera, contemplada en el 28
U.S.C. § 1602 et. seq. La única pretensión es la ejecución de una
sentencia emanada del tribunal estatal en favor de la Actora, por el
cobro de una deuda en contra de la Demandada por la suma de 67
millones de dólares estadounidenses, dictada por el Tribunal de Primera
Instancia de Circuito del Circuito Judicial Undécimo con asiento y
jurisdicción en el Condado de Miami-Dade, Florida, el 17 de abril del
2003, en los autos caratulados Dorothy Anderson McCarthy c. The
Republic of Cuba, Expediente N.º 01- 28628 CA 04. La sentencia se
dictó como consecuencia de la tortura y ejecución sin el debido proceso
judicial del difunto marido de la Actora, Howard Anderson, por la
República de Cuba.

El 4 de enero del 2005, la Actora presentó al Tribunal una petición de que se dictara sentencia en rebeldía de la Demandada. Conforme a la petición, el 27 de mayo del 2004, o alrededor de esa fecha, se notificó la demanda y se citó a la Demandada por correo certificado en conformidad con el 28 U.S.C. § 1608(a)(3), a través del Ministerio de Relaciones Exteriores de la República de Cuba. Habiendo transcurrido treinta (30) días sin recibir contestación alguna de la Demandada, el 22 de julio del 2004, o alrededor de esa fecha, la Actora trató de notificar y citar a la Demandada enviando la documentación a través del Ministerio de Relaciones Exteriores de EE.UU. en conformidad con el 28 U.S.C. § 1608(a)(4). El 22 de noviembre del 2004, la Actora recibió una notificación del Ministerio de Relaciones Exteriores de EE.UU., en la que se le informaba que había enviado la citación a la República de Cuba a través de la Sección de Intereses de los EE.UU. en la Embajada Suiza de La Habana. El 11 de enero del 2005, sin haber recibido contestación alguna de la Demandada, la Secretaría del Tribunal declaró a la Demandada en rebeldía en la causa caratulada previamente.

El 20 de enero del 2005, en virtud de la responsabilidad del Tribunal de confirmar que la Actora tiene derecho a la reparación del daño que persigue, responsabilidad que emana de la Norma 55 del Compendio de Normas Federales de Proceso Civil, el Tribunal ordenó a la Actora que presentara los fundamentos legales para abrir una  nueva  causa en el tribunal federal sobre la base de la sentencia dictada por el tribunal estatal en lugar de proceder simplemente a registrar la sentencia dictada. El 27 de enero del 2005, la actora presentó la réplica, en la que dejó sentada la existencia de competencia y jurisdicción conforme a la Ley de Inmunidad de Soberanía Extranjera [FSIA, por sus siglas en inglés], y alegó que están satisfechos todos los elementos exigidos para el cobro de la deuda, en otras palabras, la sentencia y la prueba de que lo ordenado en la sentencia no se cumplió.

## II. ANÁLISIS DE LO ACTUADO

Para sentar el derecho a que se dicte sentencia en rebeldía en conformidad con la Ley de Inmunidad de Soberanía Extranjera, "el actor debe establecer su derecho a la reparación del daño presentando prueba satisfactoria de cada elemento de la demanda sobre el que funda la pretensión". Compañía Interamericana Export – Import S.A. v. Compañía Dominicana de Aviación, 88 F. 3d 948, 951 (11th Cir. 1996). En la presente causa, la demanda de la Actora contiene sólo una pretensión, la ejecución de una sentencia por el cobro de una deuda, que exige que la Actora presente prueba de que (1) se dictó sentencia y aún está pendiente de cumplimiento, y (2) la Demandada no pagó lo ordenado en la sentencia. Ver Crane v. Nuta, 26 So. 2d 670, 671-72 (Fla. 1946).

La Actora presentó prueba de la sentencia pendiente de cumplimiento mediante la copia de la Sentencia Definitiva dictada por el Tribunal de Primera Instancia de Circuito del Circuito Judicial Undécimo con asiento y jurisdicción en el Condado de Miami-Dade, en los autos "Dorothy Anderson McCarthy c. The Republic of Cuba", Expediente N.º 01-28628 CA 04. (La demanda está identificada como Prueba A). La Ley de Plena Fe y Crédito [*Full Faith and Credit Act*] que merecen los actos jurídicos, conforme al 28 U.S.C. § 1738, dispone lo siguiente:

> Los registros y procedimientos judiciales de los tribunales de los estados, territorios o las soberanías territoriales y sus copias deben ser admitidos en otros tribunales de los Estados Unidos y sus territorios y soberanías territoriales *con la sola firma del secretario del tribunal y el sello oficial,* si el tribunal lo tuviere, *y el certificado del juez del tribunal de que tal firma cumple con las formalidades exigidas.*

(la bastardilla pertenece al autor de este documento). Asimismo, la Norma 44 (a)(1) del Compendio de Normas Federales de Proceso Civil dispone lo siguiente:

> Los registros oficiales que pertenecen a EE.UU. o a uno de los estados,... una vez declarada su admisibilidad para cualquier propósito, se pueden probar mediante su

3

publicación oficial o por una copia certificada por el
funcionario a cargo del registro, o el funcionario delegado a
cargo del registro, acompañada de un certificado del cargo
del funcionario. El certificado puede emanar del juez de un
tribunal que lleva registro de sus actuaciones [*court of
record*] del distrito o la subdivisión política donde está
radicada la causa, legalizado mediante el sello oficial del
tribunal, o puede ser extendido por un funcionario público
que tenga sello oficial y ocupe un cargo oficial en el distrito
o la subdivisión política donde está radicada la causa,
legalizado mediante el sello oficial de la oficina del
funcionario.

Ver, por ejemplo, AMFAC Distrib. Corp. v. Harrelson, 842 F. 2d 304
(11th Cir. 1988); Hazen Research, Inc. v. Omega Minerals, Inc., 497 F.
3d 151 (5th Cir. 1974). Dado que la Sentencia Definitiva presentada en
este tribunal fue ratificada por el Juez de Primera Instancia de Circuito
del Condado de Miami-Dade y el Secretario del Tribunal de Primera
Instancia de Circuito del Condado de Miami-Dade y lleva el sello oficial
del condado de Miami-Dade, en conformidad con la Ley de Plena Fe y
Crédito que merecen los actos jurídicos y la Norma 44 (a)(1), este
Tribunal falla decretando que el Tribunal de Primera Instancia de
Circuito del Condado de Miami-Dade dictó sentencia definitiva a favor
de la Actora contra la República de Cuba por la suma de 67 millones de
dólares estadounidenses como consecuencia de la tortura y ejecución
sin el debido proceso judicial de Howard Anderson.

Asimismo, la Actora presentó prueba—una declaración testimonial
prestada bajo juramento—de que la República de Cuba no cumplió
ningún punto de la sentencia definitiva y la suma total ordenada en ella
no fue pagada. (Declaración de Dorothy Anderson McCarthy). Queda
sobreentendido que, visto el incumplimiento de la sentencia por la
República de Cuba, los hechos expuestos y las pruebas presentadas por
la Actora son irrefutables. En consecuencia, este Tribunal falla
decretando el incumplimiento total de la sentencia definitiva dictada a
favor de la Actora. Ver Alejandre v. The Republic of Cuba, 996 F. Supp.
1239 (S.D. Fla. 1997) (King, J.) ("Dado que Cuba no presentó ninguna

4

excepción, el Tribunal acepta como verdaderos los hechos expuestos por la Actora, que no fueron controvertidos").

## III. CONCLUSIÓN

Por ello, habiendo examinado profundamente lo actuado en esta causa y habiendo tomado total conocimiento de ella, el Tribunal FALLA y DECRETA ordenando que se pronuncie sentencia a favor de la Actora, Dorothy Anderson McCarthy, en representación personal de la Sucesión de Howard Frederick Anderson, y en contra de la Demandada, la República de Cuba, por el pago de la suma de 67 millones de dólares estadounidenses.

DICTADA en la sala del despacho de James Lawrence King, Palacio de Justicia Federal de EE.UU. Miami, Florida, el 2 de febrero del 2005.

    _____[firma ilegible]_____
    JAMES LAWRENCE KING
    JUEZ DEL TRIBUNAL FEDERAL DE DISTRITO
    DISTRITO SUR DE LA FLORIDA

cc.  **_Patrocinante de la Actora_**
    Joseph A. DeMaria, abogado
    Bryan Thomas West, abogado
    TEW CARDENAS LLP
    Four Seasons Tower
    1441 Brickell Avenue
    15th Floor
    Miami, Florida 33131-3407
    Fax: (305) 536-1116

    **_Demandada_**
    La República de Cuba
    Notificada por intermedio del Ministro de Relaciones Exteriores
    Felipe Perez Roque
    Calzada Nº 360, Esquina AG
    Vedado, La Habana, Cuba

## CERTIFICATE OF TRANSLATION

UNITED STATES OF AMERICA )
STATE OF FLORIDA              )
MIAMI-DADE COUNTY        )

I, ADRIANA SCHAKED, the undersigned, hereby swear that I am fluent in both SPANISH AND ENGLISH and that I am qualified to translate from ENGLISH TO SPANISH. I hereby certify that the foregoing document(s) consisting of $\mathit{Five}$ page(s) is/are a true and correct Spanish translation to the best of my ability of the attached English that was provided to me.

ADRIANA SCHAKED
P.O. Box 630635
North Miami, FL 33163

BEFORE ME, A NOTARY PUBLIC IN AND FOR THE STATE OF FLORIDA AT LARGE, PERSONALLY APPEARS ADRIANA SCHAKED, WHO AFTER BEING DULY SWORN, DEPOSES AND SAYS THAT SHE IS FULLY VERSED IN THE ENGLISH AND THE SPANISH LANGUAGES, AND THAT THIS/THESE IS/ARE A TRUE AND CORRECT TRANSLATION OF THE ATTACHED DOCUMENT(S).

SWORN TO AND SUBSCRIBED THIS _10th_ DAY OF _February_, A.D., 200_5_

ANDREW REICH
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # DD032304
EXPIRES 8/7/2005
BONDED THRU 1-888-NOTARY1

NOTARY PUBLIC STATE OF FLORIDA
AT LARGE

MY COMMISSION EXPIRES:

The utmost care has been taken to ensure the accuracy of the translation. Adriana Schaked Translations LLC nor the translator shall be liable for any damages due to negligence or error in typing or translating.

# EXHIBIT "E"



**United States Department of State**

*Washington, D.C. 20520*

May 6, 2005

Mr. Clarence Maddox
Clerk of the Court
United States District Court for the
Southern District of Florida
301 N. Miami Avenue
Miami, FL 33218

re: **Dorothy Anderson McCarthy v. The**
**Republic of Cuba, 04-21153-CIV-King**

Dear Mr. Maddox:

I am writing regarding the Court's request for transmittal of a final default
judgment and notice of default judgment to the Republic of Cuba pursuant to 28 U.S.C.
Section 1608(a)(4) as a defendant in the referenced case.

The U.S. Interests section of the Swiss Embassy in Havana, Cuba transmitted the
final default judgment and notice of default judgment to the Ministry of Foreign Affairs
of Republic of Cuba under cover of a diplomatic note No. 135 dated and delivered on
April 13, 2005. A certified copy of the Embassy's diplomatic note and copies of the
documents transmitted to the Ministry of Foreign Affairs are enclosed herewith in
accordance with the procedures established for the implementation of the Foreign
Sovereign Immunities Act.

Should you have any questions regarding this matter, please do not hesitate to
contact me at (202) 736-9115.

Sincerely,

William P. Fritzlen
Attorney Adviser
Office of Policy Review and Interagency Liaison

Enclosures As Stated

cc:    Mr. Joseph A. DeMaria
       Tew Cardenas, LLP
       Four Seasons Tower
       15th Floor
       1441 Brickell Avenue
       Miami, Florida 33131-3407



## EMBASSY OF SWITZERLAND

United States of America Interests Section

I, Richard C. Beer, Consul General of the U.S. Interests Section, Embassy of Switzerland in Havana, certify that this is a true copy of diplomatic note number 135 dated April 13, 2005, delivered to the Ministry of Foreign Affairs of the Republic of Cuba on April 13, 2005.

Richard C. Beer
Consul General of the United
States of America



## EMBASSY OF SWITZERLAND

### United States of America Interests Section

No. 135

The U.S. Interests Section of the Embassy of Switzerland, Havana refers the Ministry of Foreign Affairs of the Republic of Cuba to the lawsuit entitled Dorothy Anderson McCarthy v. the Republic of Cuba Case No. 04-21153-CIV-KING, which is pending in the Federal District Court for the Southern District of Florida, in which the Republic of Cuba is a defendant. The U.S. Interests Section herewith transmits a default judgment and notice of default judgment. This note constitutes transmittal of these documents upon the Government of the Republic of Cuba as contemplated in Title 28, United States Code, Section 1608(a)(4).

Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the default judgment.

Under the laws of the United States, any jurisdictional or other defense including claims of

sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. Such legal counsel can advise about raising legal objections, if any, either in the underlying proceeding or should there be a proceeding relating to enforcement of the default judgment.    Otherwise, proceedings will continue without an opportunity to present evidence or possible defenses.    Consistent with practice, the United States Department of State is available to discuss the requirements of U.S. law with legal counsel.    The United States Government is not a party in this litigation and cannot represent other parties in this matter.

The United States of America Interests Section of the Embassy of Switzerland avails itself of this opportunity to renew to the Ministry of Foreign Relations of the Republic of Cuba the assurances of its consideration.

Ministry of Foreign Relations        Drafted: CONS: BMURRA

Havana, April 13, 2005        Cleared: CONS: LETOBEY

Approved: CONS: RCBEER

(TRADUCCION NO OFICIAL)

No. 135

La Sección de Intereses de los Estados Unidos de la Embajada de Suiza en la Habana, refiere al Ministerio de Relaciones Exteriores de la República de Cuba la demanda judicial titulada Dorothy Anderson McCarthy, v. la República de Cuba, caso numero 04-21153-CIV-KING, la cual esta pendiente ante la Corte de Distrito Federal, Distrito Sur de la Florida, en la cual la República de Cuba es acusada. La Sección de Intereses de Estados Unidos adjunto remite una sentencia por rebeldía así como la notificación de la sentencia por rebeldía. Esta nota constituye prueba de que estos documentos fueron enviados a la República de Cuba y se atiene a lo contemplado en el Titulo 28, del Código de los Estados Unidos, Sección 1608(a)(4).

Por favor observen que bajo las leyes que se encuentran en vigor en los Estados Unidos y de acuerdo con los procedimientos de ejecución de embargo de acuerdo a lo establecido en el Titulo 28 del Código de los Estados Unidos, Sección 1610, estos pueden comenzar con posterioridad a un periodo razonable de tiempo a partir de la notificación de la sentencia por rebeldía.

Bajo las leyes de los Estados Unidos, cualquier defensa jurisdiccional o de otra índole incluyendo alegaciones de inmunidad soberana debe ser dirigida a la corte ante la cual el asunto esta pendiente, por dicha razón es aconsejable consultar a un abogado en los Estados Unidos. Este asesor legal puede aconsejar sobre la factibilidad de plantear objeciones legales durante el curso del proceso o en caso de que se establezca algún proceso relacionado con la ejecución de lo dispuesto en la sentencia por rebeldía. De lo contrario, los procedimientos continuaran sin que se tenga la oportunidad de presentar evidencias o posibles defensas. Consistente con la práctica, el Departamento de Estado de los Estados Unidos, esta disponible para discutir los requerimientos de la ley de los Estados Unidos con un asesor legal. El Gobierno de los Estados Unidos no forma parte de este litigio y no puede representar otras partes en este asunto.

La Sección de Intereses de los Estados Unidos de América de la Embajada de Suiza aprovecha la oportunidad para reiterar al Ministerio de Relaciones Exteriores de la República de Cuba el testimonio de su consideración.

Ministerio de Relaciones Exteriores

La Habana, 13 de abril de 2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 04-21153-CIV-KING/O'SULLIVAN


DOROTHY ANDERSON McCARTHY,
as Personal Representative of the estate of
Howard Anderson

       Plaintiff,

vs.

THE REPUBLIC OF CUBA

       Defendant.

_____/

## PLAINTIFF'S NOTICE OF DEFAULT JUDGMENT

**TO:**              **THE REPUBLIC OF CUBA**
                      Felipe Perez Roque
                      Minister of Foreign Relations
                      Calzada No. 360, Esquina AG
                      Vedado, Havana, Cuba

**THROUGH:**      **U.S. DEPARTMENT OF STATE**
                      Edward A. Betancourt
                      Director of Special Consular Services
                      2100 Pennsylvania Ave., NW
                      4FL (SA-29)
                      Washington, DC 20520


       The Plaintiff, DOROTHY ANDERSON McCARTHY, as Personal Representative of the

Estate of Howard Anderson (hereinafter "Plaintiff"), pursuant to 28 U.S.C. §1608(a), hereby gives

notice that the United States District Court for the Southern District of Florida entered Final Default

Judgment against the Republic of Cuba in the above-captioned matter on February 2, 2005. A copy

of the Final Default Judgment is attached hereto at Exhibit "A".

Respectfully submitted,

TEW CARDENAS, LLP
Co-counsel for Plaintiff
1441 Brickell Avenue
Four Seasons Tower, 15th Floor
Miami, Florida 33131
Phone: (305) 536-1112
Fax:    (305) 536-1116

By: _____
    *Bryan T. West*
    **Joseph A. DeMaria**
    Fla. Bar No. 0764711
    **Bryan T. West**
    Fla. Bar No. 0083526

#429797v1<MIAMI> -Notice of Default Judgment

2

FEB 02 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

DOROTHY ANDERSON McCARTHY,
as Personal Representative
of the estate of Howard
Anderson,

CASE NO. 04-21153-CIV-KING

     Plaintiff,

vs.

THE REPUBLIC OF CUBA,

     Defendant.

_____/

## FINAL DEFAULT JUDGMENT

    THIS CAUSE comes before the Court upon Plaintiff's Motion for Final Default Judgment, filed January 27, 2005.

### I.  PROCEDURAL BACKGROUND

    On May 27, 2004, Plaintiff filed her Complaint pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq. The Complaint's sole count is an action of debt on a state court judgment entered on April 17, 2003, for the Plaintiff in the amount of sixty-seven ($67) million dollars.  The judgment was entered by the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County in Dorothy Anderson McCarthy v. The Republic of Cuba, Case No. 01-28628 CA 04.  The state court judgment arose from the extrajudicial torture and killing of Plaintiff's late husband, Howard Anderson, by The Republic of Cuba.

    On January 4, 2005, Plaintiff filed an application with the

EXHIBIT

"A"

Clerk of Court to enter default against Defendant.  According to
the application, on or about May 27, 2004, process was served on
Defendant by registered mail, pursuant to 28 U.S.C. § 1608(a)(3),
sent to the Minister of Foreign Relations of The Republic of
Cuba.  After more than thirty (30) days had passed with no
answer, on or about July 22, 2004, Plaintiff attempted to serve
process on Defendant by sending the documents to the United
States Department of State pursuant to 28 U.S.C. § 1608(a)(4).
On November 22, 2004, Plaintiff received notice from the
Department of State that it served The Republic of Cuba through
the U.S. Interests Section of the Embassy of Switzerland in
Havana.  On January 11, 2005, with no answer from Defendant, the
Clerk of Court entered the Defendant's default in the above-
styled case.

On January 20, 2005, pursuant to the Court's responsibility
under Rule 55 of the Federal Rules of Civil Procedure to ensure
that Plaintiff is entitled to the relief sought, the Court
ordered Plaintiff to provide the legal basis for filing a new
lawsuit in federal court based on a state court judgment, rather
than simply registering a record of the judgment.  On January 27,
2005, Plaintiff filed her responsive brief, which argues that
jurisdiction exists under the FSIA and she has satisfied the
elements of an action on a debt; namely, a judgment and proof the
judgment has not been satisfied.

2

## II.  **DISCUSSION**

To establish a right a default judgment under the FSIA, a plaintiff is required "to establish entitlement to relief by providing satisfactory evidence as to each element of the claims upon which relief was sought." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). In the instant case, Plaintiff's Complaint has one count, an action upon a judgment, which requires that Plaintiff prove (1) there is an outstanding judgment and (2) that the defendant has not paid the judgment. See Crane v. Nuta, 26 So. 2d 670, 671-72 (Fla. 1946).

Plaintiff has submitted evidence of an outstanding judgment by filing a copy of the Final Judgment of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County in the case of Dorothy Anderson McCarthy v. The Republic of Cuba, Case No. 01-28628 CA 04. (Complaint at Exh. A.) The Full Faith and Credit Act, 28 U.S.C. § 1738, provides that:

> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and possessions *by the attestation of the clerk and seal of the court annexed,* if a seal exists, *together with a certificate of a judge of the court that the said attestation is in proper form.*

(emphasis added). Further, Rule 44(a)(1) of the Federal Rules of civil procedure provides that:

> An official record kept within the United States, or

3

any state, . . . when admissible for any purpose, may
be evidenced by an official publication thereof or by a
copy attested by the officer having the legal custody
of the record, or by the officer's deputy, and
accompanied by a certificate that such officer has the
custody.  The certificate may be made by a judge of a
court of record of the district or political
subdivision in which the record is kept, authenticated
by the seal of court, or may be made by any public
officer having a seal of office and having official
duties in the district or political subdivision in
which the record is kept, authenticated by the seal of
the officer's office.

See, e.g., AMFAC Distrib. Corp. v. Harrelson, 842 F.2d 304 (11th

Cir. 1988); Hazen Research, Inc. v. Omega Minerals, Inc., 497

F.3d 151 (5th Cir. 1974).  Because the Final Judgment filed with

this Court was certified by the Miami-Dade Circuit Court judge,

certified by the Miami-Dade Clerk of Court, and the Miami-Dade

seal is affixed, under the Full Faith and Credit Act and Rule

44(a)(1), this Court finds that Plaintiff obtained a final

judgment from the Miami-Dade Circuit Court against The Republic

of Cuba in the amount $67 million, based on the extrajudicial

torture and killing of Howard Anderson.

Plaintiff has also submitted evidence, namely affidavit

testimony, that The Republic of Cuba has failed to satisfy any

part of the final judgment, and the entire amount of the judgment

remains outstanding.  (Declaration of Dorothy Anderson McCarthy.)

Of course, as The Republic of Cuba has defaulted, Plaintiff's

assertions and evidence are unrebutted.  Accordingly, the Court

finds that Plaintiff's final judgment, in its entirety, is

4

unsatisfied.  See Alejandre v. The Republic of Cuba, 996 F. Supp

1239 (S.D. Fla. 1997) (King, J.) ("Because Cuba has presented no

defense, the Court will accept as true Plaintiffs' uncontroverted

factual allegations.").

### III.  CONCLUSION

Accordingly, after a careful review of the record, and the

court being otherwise fully advised, it is ORDERED and ADJUDGED

that judgment is hereby granted on behalf of Plaintiff, Dorothy

Anderson McCarthy, as the Personal Representative of the Estate

of Howard Frederick Anderson, and against the Defendant, The

Republic of Cuba, in the amount of sixty-seven ($67) million

dollars.

DONE AND ORDERED in chambers at the James Lawrence King

Federal Justice Building and United States Courthouse, Miami,

Florida, this 2nd day of February, 2005.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:  **_Counsel for Plaintiff_**
     Joseph A. DeMaria, Esq.
     Bryan Thomas West, Esq.
     TEW CARDENAS LLP
     Four Seasons Tower
     1441 Brickell Avenue
     15th Floor
     Miami, Florida 33131-3407
     Facsimile: (305) 536-1116

5

**_Defendant_**
The Republic of Cuba
By serving the Minister of Foreign Relations
Felipe Perez Roque
Calzada No. 360, Esquina AG
Vedado, Havana, Cuba

TRIBUNAL FEDERAL DE DISTRITO
DISTRITO SUR DE FLORIDA
DIVISIÓN MIAMI

| por [iniciales]          T.D. |
| --- |
| **2 de febrero del 2005** |
| Clarence Maddox |
| Sec. del Trib. Fed. de Distrito |
| Dist. Sur de la Florida - Miami |

DOROTHY ANDERSON McCARTHY,      EXPEDIENTE N°. 04-21153-CIV-KING
en representación personal de la
Sucesión de Howard Anderson

**Actora**

c.

LA REPÚBLICA DE CUBA

Demandada.

_____/

## SENTENCIA DEFINITIVA DICTADA EN REBELDÍA DE LA DEMANDADA

Y VISTOS: Estos autos promovidos para dictar sentencia, y atento la petición de sentencia definitiva en rebeldía de la Demandada interpuesta por la Actora el 27 de enero del 2005.

## I. ANTECEDENTES DE LO ACTUADO EN LA CAUSA

El 27 de mayo del 2004, la Actora dedujo la demanda en conformidad con la ley de Inmunidad de Soberanía Extranjera, contemplada en el 28 U.S.C. § 1602 et. seq. La única pretensión es la ejecución de una sentencia emanada del tribunal estatal en favor de la Actora, por el cobro de una deuda en contra de la Demandada por la suma de 67 millones de dólares estadounidenses, dictada por el Tribunal de Primera Instancia de Circuito del Circuito Judicial Undécimo con asiento y jurisdicción en el Condado de Miami-Dade, Florida, el 17 de abril del 2003, en los autos caratulados <u>Dorothy Anderson McCarthy c. The Republic of Cuba</u>, Expediente N.°. 01- 28628 CA 04. La sentencia se dictó como consecuencia de la tortura y ejecución sin el debido proceso judicial del difunto marido de la Actora, Howard Anderson, por la República de Cuba.

El 4 de enero del 2005, la Actora presentó al Tribunal una petición de que se dictara sentencia en rebeldía de la Demandada. Conforme a la petición, el 27 de mayo del 2004, o alrededor de esa fecha, se notificó la demanda y se citó a la Demandada por correo certificado en conformidad con el 28 U.S.C. § 1608(a)(3), a través del Ministerio de Relaciones Exteriores de la República de Cuba. Habiendo transcurrido treinta (30) días sin recibir contestación alguna de la Demandada, el 22 de julio del 2004, o alrededor de esa fecha, la Actora trató de notificar y citar a la Demandada enviando la documentación a través del Ministerio de Relaciones Exteriores de EE.UU. en conformidad con el 28 U.S.C. § 1608(a)(4). El 22 de noviembre del 2004, la Actora recibió una notificación del Ministerio de Relaciones Exteriores de EE.UU., en la que se le informaba que había enviado la citación a la República de Cuba a través de la Sección de Intereses de los EE.UU. en la Embajada Suiza de La Habana. El 11 de enero del 2005, sin haber recibido contestación alguna de la Demandada, la Secretaría del Tribunal declaró a la Demandada en rebeldía en la causa caratulada previamente.

El 20 de enero del 2005, en virtud de la responsabilidad del Tribunal de confirmar que la Actora tiene derecho a la reparación del daño que persigue, responsabilidad que emana de la Norma 55 del Compendio de Normas Federales de Proceso Civil, el Tribunal ordenó a la Actora que presentara los fundamentos legales para abrir una nueva causa en el tribunal federal sobre la base de la sentencia dictada por el tribunal estatal en lugar de proceder simplemente a registrar la sentencia dictada. El 27 de enero del 2005, la actora presentó la réplica, en la que dejó sentada la existencia de competencia y jurisdicción conforme a la Ley de Inmunidad de Soberanía Extranjera [FSIA, por sus siglas en inglés], y alegó que están satisfechos todos los elementos exigidos para el cobro de la deuda, en otras palabras, la sentencia y la prueba de que lo ordenado en la sentencia no se cumplió.

2

## II. ANÁLISIS DE LO ACTUADO

Para sentar el derecho a que se dicte sentencia en rebeldía en conformidad con la Ley de Inmunidad de Soberanía Extranjera, "el actor debe establecer su derecho a la reparación del daño presentando prueba satisfactoria de cada elemento de la demanda sobre el que funda la pretensión". Compañía Interamericana Export – Import S.A. v. Compañía Dominicana de Aviación, 88 F. 3d 948, 951 (11th Cir. 1996). En la presente causa, la demanda de la Actora contiene sólo una pretensión, la ejecución de una sentencia por el cobro de una deuda, que exige que la Actora presente prueba de que (1) se dictó sentencia y aún está pendiente de cumplimiento, y (2) la Demandada no pagó lo ordenado en la sentencia. Ver Crane v. Nuta, 26 So. 2d 670, 671-72 (Fla. 1946).

La Actora presentó prueba de la sentencia pendiente de cumplimiento mediante la copia de la Sentencia Definitiva dictada por el Tribunal de Primera Instancia de Circuito del Circuito Judicial Undécimo con asiento y jurisdicción en el Condado de Miami-Dade, en los autos "Dorothy Anderson McCarthy c. The Republic of Cuba", Expediente N.º 01-28628 CA 04. (La demanda está identificada como Prueba A). La Ley de Plena Fe y Crédito [Full Faith and Credit Act] que merecen los actos jurídicos, conforme al 28 U.S.C. § 1738, dispone lo siguiente:

> Los registros y procedimientos judiciales de los tribunales de los estados, territorios o las soberanías territoriales y sus copias deben ser admitidos en otros tribunales de los Estados Unidos y sus territorios y soberanías territoriales *con la sola firma del secretario del tribunal y el sello oficial, si el tribunal lo tuviere, y el certificado del juez del tribunal de que tal firma cumple con las formalidades exigidas.*

(la bastardilla pertenece al autor de este documento). Asimismo, la Norma 44 (a)(1) del Compendio de Normas Federales de Proceso Civil dispone lo siguiente:

> Los registros oficiales que pertenecen a EE.UU. o a uno de los estados,... una vez declarada su admisibilidad para cualquier propósito, se pueden probar mediante su

> publicación oficial o por una copia certificada por el funcionario a cargo del registro, o el funcionario delegado a cargo del registro, acompañada de un certificado del cargo del funcionario. El certificado puede emanar del juez de un tribunal que lleva registro de sus actuaciones [*court of record*] del distrito o la subdivisión política donde está radicada la causa, legalizado mediante el sello oficial del tribunal, o puede ser extendido por un funcionario público que tenga sello oficial y ocupe un cargo oficial en el distrito o la subdivisión política donde está radicada la causa, legalizado mediante el sello oficial de la oficina del funcionario.

Ver, por ejemplo, AMFAC Distrib. Corp. v. Harrelson, 842 F. 2d 304 (11th Cir. 1988); Hazen Research, Inc. v. Omega Minerals, Inc., 497 F. 3d 151 (5th Cir. 1974). Dado que la Sentencia Definitiva presentada en este tribunal fue ratificada por el Juez de Primera Instancia de Circuito del Condado de Miami-Dade y el Secretario del Tribunal de Primera Instancia de Circuito del Condado de Miami-Dade y lleva el sello oficial del condado de Miami-Dade, en conformidad con la Ley de Plena Fe y Crédito que merecen los actos jurídicos y la Norma 44 (a)(1), este Tribunal falla decretando que el Tribunal de Primera Instancia de Circuito del Condado de Miami-Dade dictó sentencia definitiva a favor de la Actora contra la República de Cuba por la suma de 67 millones de dólares estadounidenses como consecuencia de la tortura y ejecución sin el debido proceso judicial de Howard Anderson.

Asimismo, la Actora presentó prueba—una declaración testimonial prestada bajo juramento—de que la República de Cuba no cumplió ningún punto de la sentencia definitiva y la suma total ordenada en ella no fue pagada. (Declaración de Dorothy Anderson McCarthy). Queda sobreentendido que, visto el incumplimiento de la sentencia por la República de Cuba, los hechos expuestos y las pruebas presentadas por la Actora son irrefutables. En consecuencia, este Tribunal falla decretando el incumplimiento total de la sentencia definitiva dictada a favor de la Actora. Ver Alejandre v. The Republic of Cuba, 996 F. Supp. 1239 (S.D. Fla. 1997) (King, J.) ("Dado que Cuba no presentó ninguna

excepción, el Tribunal acepta como verdaderos los hechos expuestos por la Actora, que no fueron controvertidos").

## III. CONCLUSIÓN

Por ello, habiendo examinado profundamente lo actuado en esta causa y habiendo tomado total conocimiento de ella, el Tribunal FALLA y DECRETA ordenando que se pronuncie sentencia a favor de la Actora, Dorothy Anderson McCarthy, en representación personal de la Sucesión de Howard Frederick Anderson, y en contra de la Demandada, la República de Cuba, por el pago de la suma de 67 millones de dólares estadounidenses.

DICTADA en la sala del despacho de James Lawrence King, Palacio de Justicia Federal de EE.UU. Miami, Florida, el 2 de febrero del 2005.

              [firma ilegible]
              JAMES LAWRENCE KING
              JUEZ DEL TRIBUNAL FEDERAL DE DISTRITO
              DISTRITO SUR DE LA FLORIDA

cc. **_Patrocinante de la Actora_**
    Joseph A. DeMaria, abogado
    Bryan Thomas West, abogado
    TEW CARDENAS LLP
    Four Seasons Tower
    1441 Brickell Avenue
    15th Floor
    Miami, Florida 33131-3407
    Fax: (305) 536-1116

    **_Demandada_**
    La República de Cuba
    Notificada por intermedio del Ministro de Relaciones Exteriores
    Felipe Perez Roque
    Calzada Nº 360, Esquina AG
    Vedado, La Habana, Cuba

## CERTIFICATE OF TRANSLATION

UNITED STATES OF AMERICA )
STATE OF FLORIDA            )
MIAMI-DADE COUNTY           )

     I, **ADRIANA SCHAKED**, the undersigned, hereby swear that I am fluent in both **SPANISH AND ENGLISH** and that I am qualified to translate from **ENGLISH TO SPANISH**. I hereby certify that the foregoing document(s) consisting of *five* page(s) is/are a true and correct Spanish translation to the best of my ability of the attached English that was provided to me.

_____
**ADRIANA SCHAKED**
**P.O. Box 630635**
**North Miami, FL 33163**

**BEFORE ME, A NOTARY PUBLIC IN AND FOR THE STATE OF FLORIDA AT LARGE, PERSONALLY APPEARS ADRIANA SCHAKED, WHO AFTER BEING DULY SWORN, DEPOSES AND SAYS THAT SHE IS FULLY VERSED IN THE ENGLISH AND THE SPANISH LANGUAGES, AND THAT THIS/THESE IS/ARE A TRUE AND CORRECT TRANSLATION OF THE ATTACHED DOCUMENT(S).**

SWORN TO AND SUBSCRIBED THIS _10th_ DAY OF _February_, A.D., 200_5_

ANDREW REICH
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # DD032304
EXPIRES 6/7/2005
BONDED THRU 1-888-NOTARY1

_____
**NOTARY PUBLIC STATE OF FLORIDA**
**AT LARGE**

MY COMMISSION EXPIRES:

The utmost care has been taken to ensure the accuracy of the translation. Adriana Schaked Translations LLC nor the translator shall be liable for any damages due to negligence or error in typing or translating.

# EXHIBIT "F"

TRANSCRIPT OF JUDGMENT -- NO. 05-1005

08/02/2005

REGISTRATION OF FOREIGN JUDGMENT-SD OF FL

18 MS 0302

| Dates | Attorney | Names of Parties against whom judgment has been obtained | Names of Parties in whose favor judgment has been obtained | Amount | Costs | When Satisfied |
|---|---|---|---|---|---|---|
| How Obtained: Default | | | | | | |
| Signing: 02/02/2005 | TEW CARDENAS LLP | REPUBLIC OF CUBA | DOROTHY ANDERSON MC CARTHEY | $67,000,000.00 | $0.00 | |
| Filing: 05/23/2005 | | | | | | |

I, J. Michael McMahon, Clerk of the United States District Court for the Southern District of New York, do hereby certify that the foregoing is a true and correct transcript from the Docket of Judgments kept in my office and that the above judgment has not been satisfied of record.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the Seal of said Court this 2 day of August, two thousand five

J. Michael McMahon, Clerk

by _____

Deputy Cler...

- SL -

# EXHIBIT "G"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 18 MS 0302



DOROTHY ANDERSON McCARTHY,
as Personal Representative of the estate of
Howard Anderson,

      Plaintiff,

vs.

THE REPUBLIC OF CUBA,

      Defendant.

_____/

Doc#138

## ORDER FOR IMMEDIATE ISSUANCE OF WRIT OF EXECUTION

This matter came before the Court pursuant to Plaintiff/Judgment Creditor DOROTHY ANDERSON MCCARTHY's Petition for the Immediate Issuance of a Writ of Execution (hereinafter "Petition"), filed herein on August 4, 2005, for the purpose of obtaining an order for the immediate issuance by the Clerk of this Court of a Writ of Execution to enforce satisfaction of Ms. McCarthy's Final Default Judgment, registered on May 25, 2005, in the above styled case (Transcript No. 05-1005)(hereinafter "Final Default Judgment").

After considering Plaintiff/Judgment Creditor's Petition, and the supporting Declaration of Joseph A. DeMaria, Esq., it appears to the Court that Plaintiff/Judgment Creditor possesses a valid and enforceable judgment lien against all of the Republic of Cuba's property in this District, pursuant to the judgment registered herein on May 25, 2005, and that there is now due and owing by the Republic of Cuba the full amount of the judgment in the sum of sixty-seven million dollars ($67,000,000); that the judgment is unsatisfied and is subject to enforcement by writ of execution; and that good cause exists for issuance of such writ. Therefore,

Copies mailed _____ 8/22/05
Chambers of Judge Swain

IT IS ORDERED that the Clerk of this Court immediately issue a Writ of Execution to be served by the United States Marshal for this District for the purpose of enforcing Plaintiff/Judgment Creditor's Final Default Judgment, registered on May 25, 2005 in the Southern District of New York in the sum of $67,000,000.

Dated this _____22nd_____ day of _____August_____, 2005.

_____

District Court Judge PACT I.

LAURA TAYLOR SWAIN, U.S.D.J.

@PFDesktop\::ODMA/MHODMA/IJMS_NT;MIAMI;442186;1

2